## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

ALONZO G. DAVISON,                )
                                  )
            Plaintiff,            )
                                  )
vs.                               )        Case No. CIV-16 - 374 - HE
                                  )
HECTOR RIOS, et al.               )
            Defendants.           )

## DEFENDANTS HECTOR RIOS AND GEO, INC.'S MOTION TO DISMISS

Comes now the defendants Hector Rios and Geo, Inc. and moves this Court to dismiss them from this action pursuant to FRCP 12(B)(6) because plaintiff has failed to allege personal participation by either defendant and has failed to allege facts sufficient to constitute deliberate indifference to a serious medical need.

## INTRODUCTION

Plaintiff, appearing *pro se*, alleges that the care are treatment he received while an inmate at the Lawton Correctional Facility was in violation of his Eighth Amendment right to be free from cruel and unusual punishment.  Specifically, he alleges that the defendants, acting jointly, delayed a surgery to remove his gallbladder for seven months and acted with deliberate indifference to his pain and suffering.

Plaintiff also alleges that the conditions of confinement at LCF are deficient.  Specifically, that the kitchen is unsanitary and the food is not cooked properly and is not nutritious.  He also alleges that the prison is overcrowded.

Plaintiff asserts that defendant Hector Rios Jr. "is responsible for the daily operations of the Lawton Correctional Facility, as well as arranging transportation for serious medical care for its inmates outside of prison." [Doc. 7 at 8].  Plaintiff asserts that "GEO Inc. is the owner of LCF and establishes policy, practices, and/or customs in regards to medical care generally and arranging for serious medical care for its inmates outside of prison." [Doc. 7 at 9].

## STANDARD OF REVIEW

A complaint may be dismissed upon motion for the "failure to state a claim upon which relief can be granted." Fed.R.Civ.P 12(b)(6).  All well-pleaded facts are accepted as true, and viewed in a light most favorable to the non-moving party.  *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005).  Factual allegations in the complaint must be sufficient to "raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 555 (10th Cir. 2007). When factual allegations in a complaint fail to "raise a claim for entitlement of relief" the claim should be dismissed.  *Id*. at 558 (citations omitted).  To survive a motion to dismiss, the plaintiff cannot merely give broad "labels and conclusions, and a formulaic recitation of the elements of a cause of action" but instead must plead a set of facts that at least makes the claims plausible, and raises the "right of relief above the speculative level." *Id*. While a court must accept allegations in a complaint as true, this principal does not apply to legal conclusions, conclusory statements, or recitals of the elements of a cause of action. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

## PROPOSITION I

## PLAINTIFF HAS FAILED TO ALLEGE A CONSTITUTIONAL DEPRIVATION

## FOR A DELAY IN THE TREATMENT OF HIS GALLBLADDER

Defendants Rios and GEO Inc. adopt by reference Proposition II.A.1 and 2 of

Defendant Correct Care Solutions Motion to Dismiss. [Doc. 22] and reasserts said arguments

herein.

## PROPOSITION II

## PLAINTIFF HAS FAILED TO ALLEGE PERSONAL PARTICIPATION BY DEFENDANT RIOS IN ANY ALLEGED CONSTITUTIONAL RIGHTS VIOLATION.

"Personal participation is an essential allegation in a §1983 claim." *Mitchell v.*

*Maynard*, 80F.3d 1433, 1441 (10th Cir. 1996) (citations, quotation marks and brackets

omitted).

In *Blinder, Robinson & Co. v. U.S.S.E.C.*, 748 F.2d 1415, 1419 (10th Cir. 1984), the

Tenth Circuit held that "to state a constitutional claim, plaintiff must do more than simply

state a conclusion or engage in 'artful pleading.' ...A Plaintiff must state a compensable claim

for relief that details the facts forming the basis for the claim." In *Keeper v. King*, 130 F.3d

1309, 1314 (8th Cir. 1997), the Court said that " a general responsibility for supervisory

operations of a prison is insufficient to establish the personal involvement required to support

liability." Thus, a claim of *respondeat superior* is not proper under 42 U.S.C. § 1983. Under

§1983, in order to state a claim of supervisor liability a plaintiff must make a showing of an

"affirmative link between the constitutional violation and either the supervisors personal

participation, his exercise of control or direction, or his failure to supervise." *Green v. Jackson*, 108 F.3d 1296, 1302 (10th Cir. 2008).  Supervisory status alone is not sufficient to establish liability in a § 1983 claim.  *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008).   A plaintiff cannot establish liability under §1983 merely by showing that the defendant was in charge of others who may have committed a constitutional violation. Instead, "the plaintiff must establish a deliberate, intentional act by the supervisor to violate constitutional rights." *Dodds v. Richardson*, 614 F.3d 1185, 1195 (10th Cir. 2010).

In relation to a claim for interference with medical care, the Tenth Circuit Court held in *Twyman v. Crisp,* 584 F.2d 352 (10th Cir., 1978) that the official was not liable when the inmate did not establish that he directly participated in the alleged contravention of medical orders. Additionally, "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).

Plaintiff attempts to personally link defendant Rios to the alleged violation of his Eight Amendment right to be free from cruel and unusual in paragraph 68 of his amended complaint [Doc. 7], in which he states:

> The failure of defendant Hector Rios Jr. to take action to curb the known pattern of the denial-delay in medical care for inmates at Lawton Correctional Facility with serious medical needs, by Shirley Stouffer and other medical personnel constitute deliberate indifference to Plaintiffs and other prisoner's safety. It contributed to and proximately caused the above-described violation of Eighth Amendment Rights. Furthermore, Defendant Rios was made aware of Plaintiff s suffering through a Request to Staff and a Grievance submitted directly to him by Plaintiff, in regards to his medical condition, and chose to disregard it when relief was readily available. In conclusion, the delay in treatment has caused Plaintiff additional problems with his

stomach, such as defecating on himself, because he was unable to make it to the restroom on time.

This statement fails to allege an affirmative link between defendant Rios and plaintiff's actual delay in treatment. Plaintiff does not even allege that defendant Rios denied a grievance, which would itself be insufficient under *Gallagher* to state personal participation, rather he alleges only that Rios "disregarded" a grievance submitted to him. Additionally, taking as true plaintiff's statements in paragraphs 56 and 57 of his amended complaint [Doc. 7] that:

> 56. Defendant Shirley Stouffer is responsible for medical care generally at Lawton Correctional Facility and arranging for care of serious medical needs for its inmates outside of prison.

> 57. Defendant Hector Rios Jr. is responsible for the daily operations of the Lawton Correctional Facility, as well as arranging transportation for serious medical care for its inmates outside of prison.

it is clear that defendant Rios was not even the proper party to answer plaintiff's medical grievances. Attaching liability to defendant Rios for the actions or inactions of his subordinates in relation to plaintiff's medical treatment would rely on a theory of *respondeat superior*, which is improper for a 1983 claim. *Keeper, supra.*

In Paragraphs 52-55 of Plaintiff's Amended Complaint [*Id.*] Plaintiff makes several general statements about the food service at LCF. Said allegations are conclusory at best. In *Blinder, Robinson & Co. v. U.S.S.E.C.*, 748 F.2d 1415, 1419 (10th Cir. 1984), the Tenth Circuit held that "to state a constitutional claim, plaintiff must do more than simply state a conclusion or engage in 'artful pleading.' ...A Plaintiff must state a compensable claim for

relief that details the facts forming the basis for the claim."  Plaintiff makes no allegation in his amended complaint that defendant Rios is aware of, or responsible for, any alleged unsanitary conditions or practices at the LCF kitchen facilities, nor does plaintiff make any allegation that defendant Rios is affirmatively linked to any issue of overcrowding at the facility.  He has thus failed to allege defendant Rios's personal participation in these claims.

In *Sanaah v. Howell,* 384 Fed. Appx. 737, 740 (10th Cir. 2010) the Court held:

> After a careful review of the record, we agree with the district court that Sanaah failed to "allege any plausible individual actions attributable" to Arellano, Grover, or Zavaras that caused his alleged injuries. R. Vol. 1, Doc. 75 at 7. There is no allegation any of the three repaired the showerhead or participated in Sanaah's medical care. And **there are only general and conclusory allegations, unsupported by facts, that they showed deliberate indifference by failing to supervise or train their employees**. Sanaah has thus failed to allege sufficient facts to state a claim against Arellano, Grover, or Zavaras.  (Emphasis added)

Supervisory status alone is not sufficient to establish liability in a § 1983 claim.  *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008).  There, the plaintiff alleged in his complaint suspicions that the defendant maintained an unwritten policy against referring inmates to specialists.  *Id*.  The Court held that it was not error for the Magistrate to dismiss as to that defendant.  *Id*.

Plaintiff has failed to establish defendant Rios's personal participation in any of the alleged constitutional violations outlined in his amended complaint and defendant Rios should be dismissed from this action.

## PROPOSITION III

## PLAINTIFF'S ALLEGATIONS OF PERSONAL PARTICIPATION BY DEFENDANT GEO INC. ARE GROUNDED IN NOTHING BUT SPECULATION AND SHOULD BE DISMISSED.

To establish Defendant GEO's liability under §1983, Plaintiff must establish three basic elements: (1) an official policy or custom of Defendant GEO; (2) that caused a violation of Plaintiff's federal right(s); and (3) "was enacted or maintained with deliberate indifference to an almost inevitable" federal right(s) violation. *See Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 769-71 (10th Cir. 2013). Though plaintiff provides "a formulaic recitation of the elements of a cause of action" for a 1983 claim against a corporate entity, his claims are insufficient to allege personal participation in plaintiff's delay in medical treatment beyond the speculative level and should be dismissed pursuant to *Iqbal* and FRCP 12(B)(6).

Plaintiff attempts to attach personal participation to GEO inc. in paragraph 61 of his amended complaint [Doc. 7] when he states: "GEO Inc. is the owner of L.C.F. and establishes policy, practices, and/or customs in regards to medical care generally and arranging for serious medical care for its inmates outside of prison." He then elaborates in paragraph 71 stating:

> The failure of defendant GEO INC to provide timely treatment to the Plaintiff was manifested once they became aware of Plaintiff's serious medical need that was diagnosed by a physician as mandating treatment. According to Oklahoma Department of Corrections (ODOC) Policy and Procedure and the contract between GEO and ODOC both would know within 24 hours if an inmate has been hospitalized and would know all pertinent information

regarding said hospitalization. The Policy, Practice, and/or Custom at L.C.F. is to delay inmate's in receiving treatment for serious medical needs due to financial consideration, and not based on medical circumstances. This Policy, Practice, an/or Custom is the proximate cause of the Plaintiffs suffering during the 200 plus days he spent in agony awaiting surgery. This constitutes deliberate indifference to the serious medical need of the Plaintiff, and represents cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution. Furthermore, the delay in treatment has caused Plaintiff additional problems with his stomach, such as defecating on himself, because he was unable to make it to the restroom on time. The above-mentioned Policy, Practice, an/or Custom is detrimental to the safety of the Plaintiff and other inmates at the Lawton Correctional Facility.

Plaintiff produces nothing outside of these conclusory allegations in his petition to support the idea that GEO has a written or unwritten policy, practice, or custom to delay necessary medical treatment.  In *Duffield v. Jackson*, 545 F.3d 1234 (10th Cir. 2008) the plaintiff alleged in his complaint suspicions that the defendant maintained an unwritten policy against referring inmates to specialists.  The Court held that it was not error for the Magistrate to find that plaintiff's allegations "were anything more than speculative, especially since (the plaintiff) did receive a specialist consult" and dismiss as to that defendant.  *Id*. at 1239.  Plaintiff's claims against GEO in this case are no less speculative and unsupported than the claims in *Duffield* and should be dismissed for the same reason.

## CONCLUSION

Plaintiff's amended complaint fails to allege that any of the defendants treated him with deliberate indifference to his medical needs.  In addition, plaintiff's amended complaint fails to properly allege personal participation by defendant Rios or defendant GEO Inc.

Defendants Rios and GEO should be dismissed from this action.

Respectfully submitted,

_/S/_ Don G. Pope

Don G. Pope, OBA #7218
Don G. Pope & Associates, P.C.
611 SW 24th Ave., Suite 102
Norman, Oklahoma 73069
(405) 360-7555
(405) 360-6990 Fax
dpope@pope-law.com
Attorney for Defendants Rios and GEO

## CERTIFICATE OF SERVICE

On the 16th day of August, 2016, a true and correct copy of the above and foregoing

instrument was transmitted for filing via ECF and electronically transmitted to:

**Alexandra G Ah Loy**
**Austin J Young**
Attorneys for Defendant Stouffer and Correct Care Solutions

**Chase H. Woodley**
Attorney for Defendants Buddy Honaker and Robert Patton

and served via U.S. Mail, postage prepaid, on the following person who is not a registered

participant of the ECF System:

Alonzo Davison, DOC # 198828
Lawton Correctional Facility
8607 SE Flowermound Rd.
Lawton, OK 73501
Plaintiff, *pro se*

s/ Don G. Pope
Don G. Pope