## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

ALONZO G. DAVIDSON,

               Plaintiff,

v.

HECTOR RIOS, et al.

               Defendants.

**Case No: CIV-16-374-HE**

### DEFENDANTS ROBERT PATTON AND BUDDY HONAKER'S
### MOTION TO DISMISS AND BRIEF IN SUPPORT

Defendants Robert Patton [1] and Buddy Honaker (hereinafter, "Defendants"), by and through their attorney of record, Assistant Attorney General Chase H. Woodley, move this Honorable Court to dismiss Plaintiff's Amended Complaint [Doc. 7], pursuant to Fed. R. Civ. P. 12(b)(6). Defendants' Motion to Dismiss should be granted for the following justifications:

1. Defendants are entitled to Eleventh Amendment immunity for claims asserted against them in their official capacity;

2. Neither Defendant is a "person" for the purpose of a 42 U.S.C. § 1983 action;

3. Plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1985;

4. Plaintiff fails to show personal participation on the part of either Defendant—a showing that is essential to stating a § 1983 claim;

5. Defendants are entitled to qualified immunity; and,

6. Plaintiff is statutorily barred from receiving punitive damages from these Defendants.

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Joe Allbaugh should be substituted for Robert Patton as Director of the Oklahoma Department of Corrections in Plaintiff's official capacity claim. Joe Allbaugh succeeded Robert Patton as Interim Director in January 2016.

## INTRODUCTION

Plaintiff, Alonzo Davison, is an inmate in the custody of the Oklahoma Department of Corrections ("DOC") currently incarcerated at the Lawton Correctional Facility ("LCF") in Lawton, Oklahoma. [Doc. 7] at 1. Plaintiff is currently serving two concurrent forty-five year sentences for the crime of Sexually Abusing a Minor Child out of Tulsa County, Oklahoma.[2] Plaintiff alleges that on or about April 12, 2015 he complained to unspecified staff at LCF that he was experiencing abdomen pain and was refused treatment. [Doc. 7] at 3. Plaintiff alleges that on or about August 15, 2015 Plaintiff was escorted to LCF Medical Unit due to complaints of severe pain in his abdomen and was seen by a Dr. Mars Gonzaga who recommended Plaintiff be transported to the Comanche County Memorial Hospital ("CCMH"). *Id.* at 2-3. Plaintiff alleges that while at CCMH a Dr. Chao-Ling Wu Do diagnosed him with acute pancreatitis, secondary to gallbladder sludge stone, hyperkalemia (high potassium), hyponatremia (low sodium), acute kidney injury, and cholelithiasis (gallstones) and that Dr. Wu Do informed him that he would need to have his gallbladder removed. *Id.* at 3.

Plaintiff alleges that from approximately August 15, 2015 until October 1, 2015 he experienced pain and other issues related to issues related to his gallbladder and he repeatedly brought this to staff at LCF and that Defendants Stouffer and Gonzaga told Plaintiff that a referral for surgery had been sent but the surgeon was waiting for the radiologist to read the ultrasound and that sometime later he was told that the surgery was approved and the facility was waiting on the date for the surgery. *Id.* Plaintiff alleges that he went to CCMH for a consultation and pre-op in

---

[2] *See Offender Lookup information* for Alonzo Davison, ODOC #198828, available at www.ok.gov/doc. Courts may take judicial notice of facts which are a matter of public record. *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006). The inmate information and the policies of ODOC are public records, available through the ODOC website. The ODOC website is a source whose accuracy cannot be reasonably questioned.

the month of February 2016 and he received the surgery on March 15, 2016. *Id.* Plaintiff alleges that he submitted verbal and written notifications to Defendants Rios, Stouffer, Gonzaga, and Honaker about his continued abdominal pain. *Id.* at 5.

## STATEMENT OF THE CASE

Plaintiff has filed this instant action under 42 U.S.C. § 1983 against Defendants Rios, Stouffer, Gonzaga, Correct Care Solutions, Honaker, GEO, Inc., and former Director Patton alleging violation of his Eighth Amendment right to be free from cruel and unusual punishment due to Defendants' alleged delay in Plaintiff receiving surgery thereby demonstrating deliberate indifference. [Doc. 7] at 3-4. Additionally, Plaintiff challenges the conditions of his confinement at LCF. *Id.* at 8.   And finally, Plaintiff alleges that Defendants conspired to violate his constitutional rights under 42 U.S.C. § 1985. *Id.* at 9.

Specifically, Plaintiff is suing Defendant Patton in both his official and individual capacity alleging that he failed to establish "Policies, Practices, and/or Customs that deny or delay inmates within the sphere of the Oklahoma Department of Corrections in receiving timely treatment for serious medical needs that mandate treatment contributed to and proximately cause the above-described Eighth Amendment Violations." *Id.* at 12.

Additionally, Plaintiff is suing Defendant Buddy Honaker in both his official and individual capacity alleging that he failed "to take action to curb the known pattern of the denial/delay in providing medical care for inmates at Lawton Correctional Facility with serious medical needs by Shirley Stouffer and other medical personnel constitute deliberate indifference to Plaintiff and other prisoner's [sic] safety. It contributed to a proximately caused the above-described violation of the Eighth Amendment Rights [sic]." *Id.* at 11.

## STANDARD OF REVIEW

When a plaintiff proceeds *in forma pauperis*, a court must dismiss a complaint if it does not state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). To survive a motion to dismiss under Rule 12(b)(6), a complaint must include enough factual content, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). *Iqbal* also requires that Plaintiff plead that a government-official defendant violated the Constitution through his own individual action. *Id.* at 1948.

The Tenth Circuit holds that when evaluating a *pro se* prisoner complaint under the *Twombly* standard, "[r]ather than adjudging whether a claim is 'improbable, factual allegations in a complaint must be enough to raise a right to relief above the speculative level.'" *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007); *quoting Twombly*, 550 U.S. at 555. "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original). In considering the sufficiency of Plaintiff's Complaint, the Court must "accept the allegations [contained therein] as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Kay*, 500 F.3d at 1217; *quoting Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002).

Courts are required to construe pro se litigants' pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Even so, all parties must adhere to applicable procedural rules. *Kay v. Bemis*, 500 F.3d at 1218. "[A] *pro se* plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). It is improper for a court to assume the role of advocate because a plaintiff is *pro se*. *Id.*

## ARGUMENT AND AUTHORITIES

**PROPOSITION I:   DEFENDANTS ARE ENTITLED TO ELEVENTH AMENDMENT IMMUNITY.**

Defendants Patton and Honaker are immune from suit for money damages in their official capacities as employees of the Oklahoma Department of Corrections ("DOC"). A defendant acting in his respective official capacity is not a proper defendant in this action and it is well settled that a suit against a state official in their official capacity is, in fact, a suit against the state itself. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

In *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989), the Supreme Court left no doubt that an official acting in his official capacity is not a "person" within the meaning of § 1983 and is immune from suit by operation of the Eleventh Amendment. *See Hafer v. Melo*, 502 U.S. 21, 26 (1991). "Neither the State, nor a governmental entity that is the arm of the State for Eleventh Amendment purposes, nor a State official who acts in his official capacity is a person within the meaning of § 1983." *Will,* 491 U.S. at 71.

Further, Congress has not abrogated the States' Eleventh Amendment Immunity through the enactment of 42 U.S.C. § 1983. *See Quern v. Jordan*, 440 U.S. 332, 345 (1979). A state or its agency cannot be sued in federal court for violations of 42 U.S.C. § 1983. States may waive their

Eleventh Amendment immunity, or Congress may abrogate that immunity in some instances. *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999). Oklahoma has not waived Eleventh Amendment immunity. OKLA. STAT. tit. 51, § 152.1(B). Plaintiff has named former director Robert Patton and Buddy Honaker in their official capacities as Defendants. In doing so, he has named the state itself. The State of Oklahoma is not a person for purposes of § 1983.

Accordingly, the Eleventh Amendment bars Plaintiff's claims against these Defendants in their official capacities for money damages. *See Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 120 (1984). As a result, Defendants respectfully request this Court dismiss the official capacity claims against them.

**PROPOSITION II:   PLAINTIFF FAILS TO STATE A CLAIM UNDER 42 U.S.C. § 1985.**

> In order to state a claim under § 1985(3), a plaintiff must allege '(1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom.' *Tilton v. Richardson,* 6 F.3d 683, 686 (10th Cir.1993) (citing *Griffin v. Breckenridge,* 403 U.S. 88, 102–103 (1971)). 'Further, in the absence of allegations of class based or racial discriminatory animus, the complaint fails to state a claim under § 1985.' *Campbell v. Amax Coal Co.,* 610 F.2d 701, 702 (10th Cir.1979).

*E.K.J. v. Roberts*, No. CIV-14-906-M, 2015 WL 672555, at *5 (W.D. Okla. Feb. 17, 2015). Plaintiff alleges in his Amended Complaint that "[e]ach named defendant conspired to violate Plaintiff's constitutional rights and did violate Plaintiff's constitutional rights, jointly and individually, by subjecting him to pain and suffering, both physically and mentally, during a period of over 200 days, in violation of Plaintiff's Eighth Amendment Constitutional Rights against cruel and unusual punishment." [Doc. 7] at 9. Plaintiff has not and cannot allege class based animus or racial discriminatory animus, thus Defendants Patton and Honaker are entitled to dismissal with prejudice on Plaintiff's conspiracy claim under 42 U.S.C. § 1985.

**PROPOSITION III:  PLAINTIFF FAILS TO STATE A CLAIM FOR AN EIGHTH AMENDMENT VIOLATION AGAINST DEFENDANTS PATTON AND HONAKER.**

The standard for an Eighth Amendment violation in relation to medical care is deliberate indifference. *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005). A plaintiff can only state a claim for deliberate indifference to a serious medical need if he shows (1) an objectively serious pain or deprivation, and (2) a culpable state of mind on the part of the offending official. *Handy v. Price*, 996 F.2d 1064, 1067 (10th Cir. 1993). A delay in medical treatment can only be the basis of an Eighth Amendment claim when (1) the delay itself results in a "lifelong handicap, permanent loss, or considerable pain," and (2) officials "were aware of facts from which they could infer that the delay…would cause a substantial risk of serious harm, and that they did, in fact, draw that inference." *Garrett v. Stratman*, 254 F.3d 946, 949-50 (10th Cir. 2001).

To establish the objective component, the plaintiff must show that the "condition is one diagnosed by a physician as mandating treatment or that is so obvious even a lay person would easily recognize the need for medical attention." *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980). For the subjective component, a plaintiff must show that the official "knew of a substantial risk of harm and failed to take reasonable measures to abate it." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999). The official must be both "aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *DeSpain v. Uphoff*, 264 F.3d 965, 975 (10th Cir. 2001). Even if an official knows of the substantial risk, the official is not liable for deliberate indifference unless the official then disregards the risk. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

   a.  **Plaintiff fails to show that Defendant Honaker was deliberately indifferent to his medical needs.**

Plaintiff claims that Honaker was deliberately indifferent to his medical needs because he "[through the grievance process] was made aware of the Plaintiff's grave condition and chose to deny him." [Doc. 7] at 11. These allegations are legally insufficient to state an Eighth Amendment claim.

As noted above, deliberate indifference requires knowledge of the underlying medical condition. But knowledge received through the grievance process is not enough for deliberate indifference. In *Howard v. Waide*, an inmate sued various prison officials for Eighth Amendment violations after other inmates sexually assaulted him. 534 F.3d 1227, 1229 (10th Cir. 2008). The subjective standard for that type of Eighth Amendment claim is also deliberate indifference. *Id*. at 1236. The Tenth Circuit analyzed the claims, and found that the inmate did state an Eighth Amendment claim against three of the officials, because he presented evidence that those officials had knowledge of the threat. *Id*. at 1243. But the Circuit Court held that the inmate failed to state a claim against a prison administrator who knew significantly less information, and only received that information from the inmate's grievances. *Id*. at 1242-43. The Tenth Circuit said that the administrator only reviewed the grievances "in a bureaucratic vacuum far from the [prison]." *Id*. at 1243.

This Court has also indicated that knowledge of a medical condition through the grievance process cannot establish an Eighth Amendment claim. In *Sloan v. McCoy*, a magistrate judge recommended dismissal of an inmate's Eighth Amendment claims against a defendant for almost the same actions as Plaintiff alleges. No. CIV-10-2010, 2010 WL 4923925 at **6-7 (W.D. Okla. Oct. 27, 2010) (adopted by *Sloan v. McCoy*, No. CIV-10-2010, 2010 WL 4876026 at 1 (W.D. Okla. Nov. 23, 2010)). The inmate in *Sloan* claimed that the prison administrator violated his Eighth Amendment claims because she rejected his grievances regarding dental treatment. *Id*. at

8

7-8. The magistrate judge recommended dismissal based on the administrator's lack of personal participation, but also noted in a footnote that although the inmate alleged that the administrator had actual knowledge and denied him relief, the inmate "provide[d] no evidence demonstrating that Defendant…had knowledge of his dental concerns outside the grievance process." *Id.* at 7, n.11. *See also Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (stating that a government entity can be liable on an official-capacity claim under § 1983 only when the entity itself is a "moving force" behind the deprivation of a federal right).

In this case, while administrators such as Honaker may have had generalized "knowledge" of Plaintiff's issues through the grievance process, it is, as the Tenth Circuit noted in *Howard*, knowledge gained in the bureaucratic vacuum, away from the facility. Rather than actual knowledge, administrators only had notice of Plaintiff's complaints, not on-the-ground cognizance of prison or medical conditions. Thus, any knowledge gained through the grievance procedure is insufficient to meet the deliberate indifference standard. This Court should therefore dismiss his Eighth Amendment claim against Defendant Honaker.

**b.  Plaintiff fails to show that Defendant Patton was deliberately indifferent to his medical needs.**

Plaintiff's deliberate indifference claim against Defendant Patton is even more tenuous than against Defendant Honaker. As stated above, a plaintiff must show that the official "knew of a substantial risk of harm and failed to take reasonable measures to abate it." *Hunt v. Uphoff*, 199 F.3d at 1224. Nowhere in Plaintiff's Amended Complaint does he allege that Defendant Patton had any knowledge whatsoever of Plaintiff's medical condition, let alone that Defendant Patton disregarded that risk as required by *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). This Court should dismiss Plaintiff's Eighth Amendment claim against Defendant Patton as well.

9

**PROPOSITION IV: DEFENDANTS PATTON AND HONAKER DID NOT PERSONALLY PARTICIPATE IN THE ALLEGED VIOLATIONS.**

State officials are not liable in their individual capacity under Section 1983 unless the officials personally participated in the underlying constitutional violation. *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997). Liability cannot arise from supervisory status alone. *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008). Instead, the supervisor's "exercise of control or direction, or his failure to supervise" must have an affirmative link to the constitutional violation. *Green v. Branson*, 108 F.3d 1296, 1302 (10th Cir. 1997). Simple knowledge of a complaint through the grievance process does not create an affirmative link between a supervisor and the alleged constitutional violation. In *Stewart v. Beach*, an inmate claimed that the Kansas Department of Corrections violated his religious exercise rights by requiring him to cut his hair in order to transfer prisons. 701 F.3d 1322, 1325-26 (10th Cir. 2012). In the suit, the inmate claimed that the warden violated his rights by summarily denying the inmate's grievance appeal. *Id*. at 1328. The district court dismissed the claims against the warden, and the Tenth Circuit affirmed that decision. *Id*. at 1327, 1335. The Tenth Circuit noted that a denial of a grievance appeal, with nothing more, does not establish personal participation. *Id*. at 1328. The Tenth Circuit specifically stated that the warden's knowledge of any violations at the time he denied the appeal was irrelevant when his only involvement was denying the appeal. *Id*. The Tenth Circuit has reiterated this point in other cases:

- simple knowledge of water contamination through the grievance process is not enough. *Duncan v. Hickenlooper*, 631F. App'x 644, No. 15-1034, 2015 WL 7567465 at *5 (10th Cir. Nov. 25, 2015) (unpublished).

- failure to respond to grievance requests does not establish personal participation. *Blaurock v. Kan. Dept. of Corrs.*, 526 F. App'x 809, 813-14 (10th Cir. 2013) (unpublished).

Additionally, a plaintiff alleging supervisory liability must show that "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Brown v. Montoya*, 662 F.3d 1152, 1164 (10th Cir. 2011).

In this case, the only connection that Defendant Honaker has to Plaintiff's complaints is his handling of Plaintiff's alleged medical grievances and appeal. Honaker did not prevent Plaintiff from receiving any treatment and had no role whatsoever in his treatment.

Again, Defendant Patton's connection to Plaintiff's allegation is fragile. Plaintiff's allegations against Defendant Patton concern only his role in establishing policies at DOC and Plaintiff alleges no direct connection on the part of Director Patton to Plaintiff's alleged Eighth Amendment violations.

In order to establish liability under a theory of policy creation *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760 (10th Cir. 2013) teaches that a Plaintiff must establish: 1) an official policy or custom of a defendant; 2) that caused a violation of a plaintiff's federal right or rights; and 3) "was enacted or maintained with deliberate indifference to an almost inevitable" violation of a federal right. *Id.* at 769-71.

Plaintiff alleges Patton has a responsibility under Oklahoma law to operate the Oklahoma Department of Corrections ("ODOC"). These allegations cannot establish that Patton personally participated in any constitutional violations, because (1) Davison does not identify any policy that caused the alleged harm, (2) Davison does not sufficiently alleged that Patton knew about any such unconstitutional policy or custom, and (3) the underlying actions did not amount to a

11

constitutional violation. A fortiori, there is no allegation of a mental state on the part of Defendant Patton at all, let alone a mental state that would rise to the level of a constitutional violation in Defendant Patton's alleged role in the design and implementation of various DOC policies; this sterilizes Plaintiff's claim under *Brown v. Montoya* and *Schneider v. City of Grand Junction Police Dep't.*

Plaintiff's challenge to the conditions of his confinement, specifically "that the kitchen at Lawton Correctional Facility is unsanitary, has toxic levels of mold within the walls, floors, and ventilation areas, which contribute to [Plaintiff's] stomach problems," [Doc. 7] at 8, also fails as a matter of law. Plaintiff makes no allegation in his Amended Complaint that either Defendant Patton or Honaker knew of, or were responsible for, any alleged unsanitary conditions in the LCF facilities. Furthermore, Plaintiff fails to affirmatively link either of the Defendants to this or the overcrowding conditions at LCF. His claims therefore fail for lack of personal participation.

Under Tenth Circuit precedent, Plaintiff cannot state any constitutional claim against Defendant Patton or Defendant Honaker based on these facts. This Court should dismiss Plaintiff's claims against Defendants Patton and Honaker because he fails to show that either Defendant personally participated in the underlying allegations.

## PROPOSITION V: DEFENDANTS PATTON AND HONAKER ARE ENTITLED TO QUALIFIED IMMUNITY.

Qualified immunity shields government officials from "liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *McInerney v. King*, 791 F.3d 1224, 1230 (10th Cir. 2015). The purpose for this immunity is to "protect the public from unwarranted timidity on the part of public officials," "to ensure that talented candidates are not deterred by the threat of damages suits

from entering public service," and to reduce "the chance that lawsuits will distract from the performance of public duties." *Gomes v. Wood*, 451 F.3d 1122, 1134 (10th Cir. 2006) (quoting *Richardson v. McKnight*, 521 U.S. 399 (1997) (internal quotation marks omitted). Qualified immunity gives officials "breathing room to make reasonable but mistaken judgments…." *Messerschmidt v. Millender*, 132 S.Ct. 1235, 1244 (2012).

When an official raises the defense of qualified immunity, courts must evaluate that defense by determining (1) "whether the facts that the plaintiff has alleged…or shown…make out a violation of a constitutional right," and (2) whether the "right at issue was 'clearly established' at the time of the defendant's alleged misconduct." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (internal citations omitted). The "salient question…is whether the state of the law [at the time of the conduct] gave respondents fair warning that their alleged treatment of [plaintiff] was unconstitutional." *Pierce v. Gilchrist*, 359 F.3d 1279, 1298 (10th Cir. 2004) (quoting *Hope v. Pelzer*, 536 U.S. 730, 741 (2002)) (bracketing and ellipses in the original). "The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 639 (1987).

The Tenth Circuit ordinarily requires a Tenth Circuit or Supreme Court decision on point to render a rule of law to be "clearly established." *Casey v. City of Fed. Heights*, 509 F.3d 1278, 1284 (10th Cir. 2007). Clearly established weight of authority from other courts can also show that a rule of law is clearly established. Id. While qualified immunity does not require a case directly on point, "existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731 (2011). The Tenth Circuit requires "a substantial correspondence between the conduct in question and prior law allegedly establishing that the defendant's actions were clearly prohibited." *Quinn v. Young*, 780 F.3d 998, 1009-10

(10th Cir. 2015). The "facts of the cases need not be identical, [but] they must be sufficiently analogous to satisfy the particularized context necessary to support liability." *Eidson v. Owens*, 515 F.3d 1139, 1148 (10th Cir. 2008).

Here, Plaintiff fails to meet either prong of the qualified immunity analysis. As noted above, Plaintiff fails to state any constitutional claim based on Honaker or Patton's actions. Without a constitutional violation, Plaintiff cannot overcome the qualified immunity defense. Even if Plaintiff did state a constitutional claim, Honaker and Patton would still be entitled to qualified immunity. Neither the Tenth Circuit nor the Supreme Court has ever found a prison official liable for Eighth Amendment claims based solely on the handling of grievances or through being involved in establishing operating polices. This legal theory is well-worn and baseless, so Plaintiff cannot show that Honaker or Patton violated his clearly established rights. Defendants Honaker and Patton are thus entitled to qualified immunity.

## PROPOSITION VI: PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES IS BARRED BY STATUTE.

In the "relief requested" section of Plaintiff's Amended Complaint Plaintiff requests the "[a]ward [of] punitive damages in the amount of $250,000.00 against each named defendant in their individual capacity and $250,000.00 against each named defendant in their official capacity." [Doc. 7] at ¶ 78. Plaintiff is barred from receiving punitive damages against Defendants in their official capacity. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981); *Wulf v. City of Wichita*, 883 F.2d 842, 856 n. 19 (10th Cir. 1989). Plaintiff's claim for punitive damages against Defendants in their official capacity should therefore be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants Patton and Honaker respectfully ask this Honorable Court to dismiss Plaintiff's official and individual capacity claims against them and to afford these Defendants with any relief deemed just and proper by this Court.

Respectfully submitted,

/s/ Chase H. Woodley
**CHASE H. WOODLEY, OBA #32542**
Assistant Attorney General
Oklahoma Attorney General's Office
Litigation Division
313 NE 21st Street
Oklahoma City, OK   73105
Telephone:   (405) 522-2925
Facsimile:    (405) 521-4518
Email: chase.woodley@oag.ok.gov
*Attorney for Defendants Patton and Honaker*

## CERTIFICATE OF SERVICE

I hereby certify that on this ___ day of August 2016, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Don G. Pope

DON G. POPE & ASSOCIATES P.C.

611 SW 24th Ave., Ste. 102

Norman, OK 73069

Email: dpope@pope-law.com

*Attorney for Defendant Hector Rios, Jr.*

Alexander G. Ah Loy

Austin J. Young

JOHNSON, HANAN & VOSLER

9801 N. Broadway Extension

Oklahoma City, OK 73114

Email: aahloy@johnsonhanan.com

*Attorneys for Shirley Stoffer*

I further certify that on this date a true and correct copy of the foregoing was sent via U.S. mail to the following who is not an ECF registrant:

Alonzo G. Davison, #198828

8607 SE Flower Mound Rd.

Lawton, OK 73501

*Plaintiff Pro se*

/s/Chase H. Woodley

Chase H. Woodley

16