IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ALONZO G. DAVISON | ) | |
| A*K*A | ) | |
| LONNIE DAVIDSON | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CIV-16-374-HE |
| | ) | |
| HECTOR RIOS JR., WARDEN, | ) | |
| LAWTON CORRECTIONAL FACILITY; | ) | |
| SHIRLEY STOUFFER, HEALTH SERVICE | ) | |
| ADMINISTRATOR, LAWTON CORRECTIONAL | ) | |
| FACILITY; | ) | |
| DR. MARS GONZABA, PHYSICIAN/PROVIDER | ) | |
| LAWTON CORRECTIONAL FACILITY; | ) | |
| CORRECT CARE SOLUTIONS, THIRD PARTY | ) | |
| MEDICAL CARE PROVIDER FOR LAWTON | ) | |
| CORRECTIONAL FACILITY; | ) | |
| BUDDY HONAKER, MEDICAL SERVICES ADMIN. | ) | |
| OKLAHOMA DEPARTMENT OF CORRECTIONS; | ) | |
| GEO INC, CORPORATION, PARENT COMPANY, | ) | |
| LAWTON CORRECTIONAL FACILITY, | ) | |
| ROBERT PATTON, FORMER DIRECTOR, | ) | |
| OKLAHOMA DEPARTMENT OF CORRECTIONS, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CORRECT CARE SOLUTIONS'**
**<u>MOTION TO DISMISS</u>**

# TABLE OF CONTENTS

Table of Contents…………………………………………………………………………..*i*

Statement of the Case……………………………………………………………………...1

Arguments and Authorities...…………………………………………………………...2

Proposition I:  Defendant Correct Care Solutions (CCS) is an improper party to this action………………………………………………………......……………2

Proposition II:  Plaintiff's Amended Complaint must be dismissed because Plaintiff failed to state a claim upon which relief may be granted ....…………….3

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007)

*Ashcroft v. Iqbal*, 554 U.S. 662, 129 S. Ct. 1937, 1940, 173 L. Ed. 2d 868 (2009)

*Ridge at Red Hawk, L.L.C. V. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007)

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)

A.     Plaintiff has failed to state a proper constitutional claim against Defendant……………………………………………………………….4

1.     Plaintiff has failed to alleged facts sufficient to show that he suffered a constitutional deprivation………………………………………....4

*Douglas v. Miller*, 864 F.Supp.2d 1205, 1217 (W.D.Okla. 2012)

*Howards v. McLaughlin,* 634 F.3d 1131, 1139 (10th Cir. 2011)

*Martin v. Creek County Jail*, 2010 WL 4683852, 3 (N.D. Okla. 2010)

*Wise v. Bravo,* 666 F.2d 1328, 1333 (10th Cir.1981)

*Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976)

*Gregg v. Georgia*, 428 U.S. 153, 173, 96 S.Ct. 2909, 2925 49 L.Ed.2d 859 (1976)

*Green v. Branson*, 108 F.3d 1296, 1303 (10th Cir. 1997)

*Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976)

*Tennant v. Miller*, 589 F. App'x 884, 885-86 (10th Cir. 2014)

*Farmer v. Brennan*, 511 U.S. 825, 828, 114 S.Ct. 1970, 128 L.Ed.2d 811, 828-837 (1994)

*Whitley v. Albers*, 475 U.S. 312, 319, 106 S.Ct. 1078, 1084, 89 L.Ed.2d 251(1986)

*Woodside-Fisher v. Pulley*, No. CIV-14-1244-D, 2015 WL 631106 (W.D. Okla. Feb. 12, 2015)

2.      Plaintiff has failed to allege facts sufficient to show that he suffered substantial harm……………………………………………………13

*Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009)

*Garcia v. Salt Lake County*, 768 F.2d 303, 307 (10th Cir. 1985)

*Johnson v. Mullin*, 422 F.3d 1184, 1187 (10th Cir. 2005)

*Mata v. Saiz*, 427 F.3d 745, 752-53 (10th Cir. 2005)

*Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000)

*Gee v. Pacheco*, 627 F.3d 1178, 1192 (10th Cir. 2010)

*Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993)

*Mendoza v. Lynaugh,* 989 F.2d 191, 195 (5th Cir.1993)

*Marks v. Kansas*, 75 F. App'x 712, 715 (10th Cir. 2003)

*Garrett v. Stratman,* 254 F.3d 946, 949-950 (10th Cir. 2001)

*Moore ex rel. Moore v. City of Shawnee*, No. CIV-07-1293-L, 2009 WL 426003, at *6 (W.D. Okla. Feb. 19, 2009)

*Kikumura v. Osagie*, 461 F.3d 1269, 1292 (10th Cir. 2006)

3.     Any constitutional claim against Defendant based on vicarious liability should be dismissed………………………………………….15

*Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 691 (1978)

4.     Plaintiff has failed to allege facts sufficient to state a constitutional claim against Defendant based on a municipal liability theory….16

*Johnson v. Cannon*, 2009 WL 1916928, 2 (E.D.Okla. 2009)

*Whitesel v. Sengenberger*, 222 F.3d 861, 870 (10th Cir. 2000)

*Dodds v. Richardson*, 614 F.3d 1185, 1202, 1208 (10th Cir. 2010)

*Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 691, 694 (1978)

*Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (U.S. Ohio 1986)

*Oklahoma City v. Tuttle*, 471 U.S. 808, 822-24, (1985)

5.     Plaintiff has failed to allege facts sufficient to show that Defendant acted under the color of state law…............................................19

*Douglas v. Miller*, 864 F.Supp.2d 1205, 1217 (W.D. Okla. 2012)

*Howards v. McLaughlin*, 634 F.3d 1131, 1139 (10th Cir. 2011)

*Sigmon v. Community Care HMO, Inc.*, 234 F.3d 1121, 1125

(10th Cir. 2000)

*Beedle v. Wilson*, 422 F.3d 1059, 1071 (10th Cir. 2005)

*Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (Okla. 2008)

*Ellibee v. Fox*, 244 Fed.Appx. 839, 843 (10th Cir. 2007) (unpublished opinion)

*Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991)

6.      Plaintiff failed to state a claim under 42 U.S. C. § 1985 ................21

*E.K.J. v. Roberts*, 2015 U.S. Dist. LEXIS 18704, 2015 WL 672555 (W.D. Okla. Feb. 17, 2015)

B.      Plaintiff has failed to state proper claims arising from Oklahoma law………………………………………………………………………22

51 OKLA.STAT.ANN. § 152.1(A)

51 OKLA.STAT.ANN. § 152(7)(b)(7)

C.      Any claim for punitive damages against Defendant under 42 U.S.C. § 1983 must be dismissed……………………………………………………23

*City of Newport v. Fact Concerts, Inc.*, 433 U.S. 247, 271, 101 S.Ct. 2748 (1981)

*Butcher v. City of McAlester*, 956 F.2d 973, 976 n.1 (10th Cir. 1992)

Conclusion……………………………………………………………………………23

COMES NOW Defendant, Correct Care Solutions, (hereinafter, "Defendant"), and moves this Court to dismiss this action against it pursuant to Federal Rule of Civil Procedure 12(b)(6). In support thereof, the Defendant respectfully shows the Court the following:

## STATEMENT OF THE CASE

1.  Plaintiff filed his Amended Complaint on April 29, 2016, in which he added CCS as a defendant in this case. (*See* Amended Complaint, Doc. No. 7).

2.  In Plaintiff's Amended Complaint, he alleges that defendants denied and delayed medical treatment which caused him pain and suffering. (*See* Doc. No. 7).

3.  From the face of Plaintiff's Amended Complaint, Defendant has identified two (2) separate causes of action against CCS. (*See* Doc. No. 7).

4.  First, Plaintiff seeks to allege a 42 U.S.C. § 1983 claim for cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments of the United States Constitution against Defendant, alleging that Defendant was deliberately indifferent to his medical needs.  (Doc. No. 7, ¶¶ 65, 69).

5.  Second, it appears that Plaintiff is seeking to allege a cause of action for Municipal Liability against Defendant, alleging that Defendant's policies and practices resulted in the failure to provide appropriate medical treatment. (Doc. No. 7, ¶¶ 41, 69).

6.  Plaintiff alleges that defendant Hector Rios Jr. is responsible for the daily

1

operations of the Lawton Correctional Facility, as well as arranging transportation for serious medical care for its inmates. (Doc. No. 7, ¶ 57).

7.     Plaintiff alleges that defendant Buddy Honaker is the final decision-maker in the emergency grievance and grievance process concerning medical issues in regards to inmates in the Oklahoma Department of Corrections. (Doc. No. 7, ¶ 60).

8.     Plaintiff alleges that defendant "Robert Patton, while Director of the Oklahoma Department of Corrections, establishes policy, practices, and/or customs in regards to medical care generally, and was responsible for the everyday operations of state prisons (in Oklahoma), and the welfare of its prisoners." (Doc. No. 7, ¶ 62).

## ARGUMENTS AND AUTHORITIES

**PROPOSITION I:     DEFENDANT CORRECT CARE SOLUTIONS (CCS) IS AN IMPROPER PARTY TO THIS ACTION.**

Defendant Correct Care Solutions is an improper party to this action, as Defendant had no involvement in the provision of health care services at Lawton Correctional Facility during all times relevant to this action. During all times relevant to this action, the third-party medical care provider for Lawton Correctional Facility was Correctional Healthcare Companies, Inc., not Correct Care Solutions. Thus, Defendant CCS is not a proper party to this action, and Plaintiff's claims against it must be dismissed.

2

**PROPOSITION II:  PLAINTIFF'S  AMENDED  COMPLAINT  MUST  BE DISMISSED BECAUSE PLAINTIFF FAILED TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED AGAINST DEFENDANT.**

Defendant CCS is an improper party to this action and should be dismissed. However, even if this court determines that CCS is a proper party, Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007). In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. The factual allegations within the Amended Complaint "must be enough to raise a right to relief above the speculative level." *Id.* (citations omitted).

A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell* at 570. For a complaint to have facial plausibility, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 554 U.S. 662, 129 S. Ct. 1937, 1940, 173 L. Ed. 2d 868 (2009). "[T]he mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support of these claims." *Ridge at Red Hawk, L.L.C. V. Schneider*, 493 F.3d 1174, 1177 (10th Cir.

2007). A plaintiff's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based". *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

**A.     PLAINTIFF HAS FAILED TO STATE A PROPER CONSTITUTIONAL CLAIM AGAINST DEFENDANT.**

**1.     PLAINTIFF HAS FAILED TO ALLEGE FACTS SUFFICIENT TO SHOW THAT HE SUFFERED A CONSTITUTIONAL DEPRIVATION.**

Plaintiff asserts claims arising under 42 U.S.C. § 1983 (hereinafter "§ 1983"). Section 1983 "provides a federal cause of action against any person who, *acting under color of state law,* deprives another of his federal rights." *Douglas v. Miller*, 864 F.Supp.2d 1205, 1217 (W.D.Okla. 2012) (citing *Howards v. McLaughlin,* 634 F.3d 1131, 1139 (10th Cir. 2011) (emphasis added). In his Amended Complaint, Plaintiff alleges that Defendant violated his rights under the Eighth [and Fourteenth] Amendment[s] to the Constitution of the United States. (Doc. No. 7, ¶ 65). It does not appear that Plaintiff is alleging that Defendant provided him with negligent medical care. Rather, Plaintiff only alleges that Defendant denied/delayed his medical care. Specifically, Plaintiff alleges that Defendant delayed scheduling his gallbladder surgery. (Doc. No. 7, ¶¶ 12, 40, 42, 65). Plaintiff claims that "not providing medical care in a timely fashion for Plaintiff's serious medical need, when relief was readily available, constitutes deliberate indifference." (Doc. No. 7, at ¶ 69).

Notably, Plaintiff has failed to plead that any alleged denial/delay in medical care caused him to suffer any permanent injury. It is also noteworthy that, while his

Amended Complaint Plaintiff alleges that Defendants were deliberately indifferent to his medical needs, he also alleges that he was receiving ongoing medical treatment and that the Defendants were responding to his medical complaints. Plaintiff alleges that he was seen and examined by Defendant Dr. Gonzaga in the medical unit on August 15, 2015. (Doc. No. 7, ¶ 12). Plaintiff alleges that Defendant Dr. Gonzaga transferred him out to Comanche County Memorial Hospital the same day, where he remained for six days. (Doc. No. 7, ¶ 12).

Plaintiff alleges that Defendant Stouffer and Defendant Dr. Gonzaga repeatedly told him that his request for surgery had been sent out for referral, and that they were waiting to hear back from the outside medical provider. (Doc. No. 7, ¶¶ 12, 27). Plaintiff alleges that the Defendants advised him that his referral had been approved but the surgeon was waiting on the radiologist to read his ultrasound. (Doc. No. 7, ¶ 12). In fact, Plaintiff alleges that he received two ultrasounds during the time period at issue. (Doc. No. 7, ¶¶ 12, 31). Plaintiff further alleges that the Defendants advised him that his surgery had been approved, and that they were just waiting on it to be scheduled by the outside provider. (Doc. No. 7, ¶ 12).

Further, while Plaintiff alleges that he was "basically starved", he also counter-intuitively alleges that Defendant Dr. Gonzaga provided him with IV fluids due to malnutrition after he was seen and examined in the medical unit. (Doc. No. 7, ¶ 29). Plaintiff also alleges that he was given depression medication in response to his complaints related to his illness, further demonstrating that Defendants were not

deliberately indifferent to his medical needs. (Doc. No. 7, ¶ 37). Plaintiff further alleges that he underwent his pre-operative consultation in February 2016. (Doc. No. 7, ¶ 12). Finally, Plaintiff alleges in his Amended Complaint that he ultimately received the complained-of surgery on March 15, 2016. (Doc. No. 7, ¶¶ 12, 38).

Thus, taking Plaintiff's allegations as being true, Plaintiff *was* transferred to a surgeon for treatment of his medical condition, where he underwent gallbladder removal surgery. (Doc. No. 7, ¶ 12). Thus, Defendant was not ignoring Plaintiff's medical condition but was arranging and providing for treatment with an outside medical provider during the period of time complained of by Plaintiff. In fact, Plaintiff does not allege that Defendant was not providing medical care and treatment (which, by the face of his Amended Complaint he was receiving), but instead that he was dissatisfied with the care and treatment he was receiving.

While Plaintiff may not be happy with the treatment he received, that is not a valid claim under § 1983. Thus, Plaintiff cannot and does not allege acts or omissions on the part of Defendant that rise to the level of an unconstitutional deprivation.In order to "state a claim under § 1983, an individual must allege misconduct that is 'so egregious as to subject the aggrieved individual to a deprivation of constitutional dimensions.'" *Martin v. Creek County Jail*, 2010 WL 4683852, 3 (N.D. Okla. 2010) (quoting *Wise v. Bravo,* 666 F.2d 1328, 1333 (10th Cir.1981)). "When misconduct falls short of this standard, an individual must seek relief in state court under traditional tort-law principles." *Id.*

6

"[D]eliberate indifference to serious medical needs of prisoners constitutes the "unnecessary and wanton infliction of pain". *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976) (citing *Gregg v. Georgia*, 428 U.S. 153, 173, 96 S.Ct. 2909, 2925 49 L.Ed.2d 859 (1976) (joint opinion of Stewart, Powell, and Stevens, JJ.)). "[E]very claim by a prisoner that he has not received adequate medical treatment" does not state "a violation of the Eighth Amendment." *Id*. at 105.

"[I]n the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.'" *Id*. at 105-06. As such, a complaint alleging negligence in diagnosing or treating a medical condition does not become a valid constitutional claim of medical mistreatment under the Eighth Amendment simply because the victim is a prisoner. "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." *Id*. Negligence alone does not state a claim under § 1983 for deliberate indifference to medial needs. *See Green v. Branson*, 108 F.3d 1296, 1303 (10th Cir. 1997). **Differences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnosis or treatment also are not enough to state a deliberate indifference claim**. *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976).

In order to prevail on an Eighth Amendment claim, a plaintiff "must show deliberate indifference to a substantial risk of serious harm. The claim contains objective and subjective elements. Objectively, the deprivation must be sufficiently serious. Subjectively, the defendant must have been aware of a substantial risk of serious harm." *Tennant v. Miller*, 589 F. App'x 884, 885-86 (10th Cir. 2014) (citing *Farmer v. Brennan*, 511 U.S. 825, 828, 114 S.Ct. 1970, 128 L.Ed.2d 811, 828-837 (1994) (internal citations omitted).

Here, Plaintiff has failed to state a claim under § 1983 against Defendant as he does not allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. In short, Plaintiff's § 1983 claim is that Defendant denied him appropriate medical treatment and delayed the surgical removal of his gallbladder. This alleged failure does not constitute unnecessary and wanton inflictions of pain repugnant to the conscience of mankind. Thus, Plaintiff has failed to state § 1983 claims against Defendant, and, pursuant to Federal Rule of Civil Procedure 12(b)(6), such claims must be dismissed.

Furthermore, Plaintiff has failed to properly allege with factual support that any alleged deprivation was sufficiently serious. Plaintiff's complaints related to his stomach pain and bowel issues are based on Plaintiff's lack of comfort and frustration with the speed with which he was given medical treatment and surgery. From his allegations, the extent of Plaintiff's harm seems to be stomach pain and bowel trouble, and Plaintiff fails to allege that Defendant failed to properly care for these issues.

Plaintiff's stomach pain, bowel troubles, and resulting embarrassment fail to meet the objective prong of a deliberate indifference claim. As a result, based on Plaintiff's own factual averments, he has failed to state a claim against this Defendant upon which relief can be granted.

To sufficiently plead the subjective prong, there must be a showing of "'more than ordinary lack of due care for the prisoner's interests or safety.'" *Id.* (quoting *Whitley v. Albers*, 475 U.S. 312, 319, 106 S.Ct. 1078, 1084, 89 L.Ed.2d 251(1986)). Specifically, in order to impose liability, "the officials must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer* at 837. Thus, the Plaintiff must allege that Defendant knew of and disregarded a substantial risk of harm to Plaintiff. Negligence alone does not state a claim under § 1983 for deliberate indifference to medical needs. *Green v. Branson*, 108 F.3d 1296, 1303 (10th Cir. 1997).

A court recently dismissed a claim similar to Plaintiff's for failure to state a claim under § 1983. In *Woodside-Fisher v. Pulley*, No. CIV-14-1244-D, 2015 WL 631106 (W.D. Okla. Feb. 12, 2015), the plaintiff alleged that he asked a prison official if his breakfast tray included pork because he felt abdominal pain, numbness and nausea after eating. The official advised him that the food did not contain pork and denied his request for medical treatment. For three days afterward, the plaintiff continued to have abdominal pain, swelling and nausea, and requested medical attention every time a jail official would pass by but was denied medical attention. He

also submitted multiple requests for medical care but was denied. Additionally, the medical professional at the jail denied the plaintiff's request for medicine for his posttraumatic stress disorder for several months. This Court ruled that the plaintiff in *Pulley* had failed to allege conduct that stated a plausible claim for unconstitutional denial of medical care. *Id*. at *3.

There, the court concluded that the plaintiff had failed to allege that the defendant "acted with deliberate indifference to a serious medical need, *i.e.,* that she *knew of* and *disregarded* a substantial risk of harm to Plaintiff by withholding medical treatment." *Id*. at *3 (emphasis in original) (internal citations omitted). Facts important to the court's analysis included that the plaintiff had not identified any jail official to whom he had made his requests for medical attention; that the plaintiff did not allege that a particular officer had ignored his symptoms; and that the plaintiff did not allege facts that demonstrated his symptoms caused outward signs that would objectively indicate to the officer the presence of a substantial risk of serious harm. *Id*. In the case at hand, Plaintiff has similarly failed to allege facts sufficient to show deliberate indifference on the part of Defendant. Plaintiff fails to allege that Defendant or its employees possessed the requisite knowledge to sustain a deliberate indifference claim. Plaintiff alleges that because the Oklahoma Department of Corrections ("ODOC") and defendant GEO Inc.[1] were aware of his hospitalization, then Defendant was aware of all of Plaintiff's medical needs. (Doc. No. 7, ¶ 69). Plaintiff

---

[1] The GEO Group, Inc.

fails to allege that specific member of the Defendant's staff was actually aware and knew of Plaintiff's surgical needs. Factual allegations that parties, other than Defendant, may have had knowledge or information that Plaintiff needed surgery is not sufficient to allege that this Defendant had any knowledge of a deprivation of serious medical issues. There is no information or allegation on the face of Plaintiff's Amended Complaint to support a claim that Defendant or its employees or agents knew or should have known Plaintiff suffered from egregious pain sufficient to satisfy the subjective component necessary for Plaintiff to prove a 42 U.S.C. § 1983 claim against this Defendant.

Furthermore, Plaintiff is not alleging that Defendant failed to diagnose a more serious condition, or that he was ultimately denied treatment. Plaintiff's conclusory allegation that Defendant did not provide "medical care in a timely fashion for Plaintiff's serious medical need, when relief was readily available" does not comply with the standard required by *Twomby*. Plaintiff's Amended Complaint does not properly allege facts sufficient to establish that Defendant or its employees should have been aware that he needed surgery. Plaintiff alleges that he made complaints and requests for surgery, but Plaintiff fails to allege that any complaint or request reached an employee of Defendant. Moreover, Plaintiff's allegations indicate that medical providers were responding to his complaints and requests for surgery, just that Plaintiff disagreed with the timeliness with which the Defendants were able to arrange his surgery. Plaintiff's own allegations acknowledge that defendant "Buddy Honaker

is the final decision-maker in the emergency grievance and grievance process concerning medical issues in regards to inmates in the Oklahoma Department of Corrections," (Doc. No. 7, ¶ 60), and that the Director of ODOC, defendant Robert Patton "was responsible for the everyday operations of state prisons (in Oklahoma), and the welfare of its prisoners." (Doc. No. 7, ¶ 62). Plaintiff, was at the mercy of LCF officials and the hospital's surgical schedule. Simply stating conclusions that Plaintiff was deprived of medical care does not rise to a serious deprivation for purposes of § 1983 claim against this Defendant.

Based on Plaintiff's own factual allegations contained in his Amended Complaint, Defendant's alleged improper actions do not constitute unnecessary and wanton inflictions of pain repugnant to the conscience of mankind. Additionally, Plaintiff failed to properly allege that Defendant or its employees were actually aware of his need for surgery and ignored that risk or that Defendant or its employees should have been aware of his surgical needs. Accordingly, based on the vague and conclusory allegations contained in Plaintiff's Amended Complaint, Plaintiff has failed to state a § 1983 claim against Defendant and pursuant to Federal Rule of Civil Procedure 12(b)(6), such claims must be dismissed.

## 2.   PLAINTIFF HAS FAILED TO ALLEGE FACTS SUFFICIENT TO SHOW THAT HE SUFFERED SUBSTANTIAL HARM.

To establish a constitutional violation for denial of medical attention under the Eighth Amendment, a plaintiff must show "deliberate indifference to serious medical needs." *Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009) (quoting *Garcia v.*

*Salt Lake County*, 768 F.2d 303, 307 (10th Cir. 1985). "Deliberate indifference involves both an objective and a subjective component." *Johnson v. Mullin*, 422 F.3d 1184, 1187 (10th Cir. 2005) (internal quotation omitted); *see Martinez*, 563 F.3d at 1088-89. "The objective component of the test is met if the 'harm suffered rises to a level "sufficiently serious" to be cognizable under the Cruel and Unusual Punishment Clause' of the Eighth Amendment." *Martinez*, 563 F.3d at 1088 (quoting *Mata v. Saiz*, 427 F.3d 745, 752-53 (10th Cir. 2005)). "[I]t is the harm claimed by the prisoner that must be sufficiently serious to satisfy the objective component, and not solely 'the symptoms presented at the time the prison employee has contact with the prisoner.'" *Id*. (quoting *Mata*, 427 F.3d at 753). "A medical need is sufficiently serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000) (internal quotation omitted); *see also Gee v. Pacheco*, 627 F.3d 1178, 1192 (10th Cir. 2010).

In the case at hand, it appears that Plaintiff is complaining of a delay in transferring him to an outside surgeon for gallbladder removal surgery. (*See* Doc. No. 7.) A delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference which results in substantial harm. *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993) (quoting *Mendoza v. Lynaugh,* 989 F.2d 191, 195 (5th Cir.1993)). "Substantial harm is a 'lifelong handicap, permanent loss, or considerable pain'". *Marks v. Kansas*, 75 F. App'x 712, 715 (10th Cir. 2003) (quoting

*Garrett v. Stratman,* 254 F.3d 946, 949-950 (10th Cir. 2001)). Moreover, "[t]hat 'substantial harm' can be the ultimate physical injury caused by the prisoner's illness, so long as the prisoner can show that the more timely receipt of medical treatment would have minimized or prevented the harm." *Moore ex rel. Moore v. City of Shawnee*, No. CIV-07-1293-L, 2009 WL 426003, at *6 (W.D. Okla. Feb. 19, 2009) (citing *Kikumura v. Osagie*, 461 F.3d 1269, 1292 (10th Cir. 2006)).

Plaintiff has made no showing that he suffered any substantial harm (or any actual harm whatsoever) due to the alleged delay of Defendant in transferring him to an outside surgeon. Further, on the face of his Amended Complaint, Plaintiff has failed to allege that he suffered *any* type of permanent injury as a result of the alleged acts or omissions of Defendant. Plaintiff's conclusory allegations lack any evidence of substantial harm caused by Defendant's alleged denial or delay in medical treatment. Further, Plaintiff has failed to plead that the more timely receipt of medical treatment would have minimized or prevented any alleged harm. Thus, Plaintiff fails to allege circumstances from which to reasonable infer that he suffered a sufficiently serious harm to satisfy the objective component of a constitutional claim. Accordingly, Plaintiff has failed to state § 1983 claims against Defendant and, pursuant to Federal Rule of Civil Procedure 12(b)(6), such claims must be dismissed.

### 3.   ANY CONSTITUTIONAL CLAIM AGAINST DEFENDANT BASED ON VICARIOUS LIABILITY SHOULD BE DISMISSED.

Courts have routinely held that there is no vicarious liability for § 1983 claims, *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 691 (1978), and the

language of § 1983 cannot be read to impose vicarious liability based solely on the existence of an employer-employee relationship. *Id*. at 692. Plaintiff's constitutional claims against Defendant all seem to be based on some theory of vicariously liability. Plaintiff does not identify any specific employees of Defendant that were allegedly deliberately indifferent to his medical needs. Plaintiff claims that Defendant is responsible for general medical care, employs medical personnel at Lawton Correctional Facility, and arranges for inmate's care outside of the prison. (Doc. No. 7, ¶ 59). Plaintiff further claims that in an effort to save money, it is Defendant's policy to understaff medical personnel and delay medical treatment with no regard for inmates' serious medical needs.  (*Id*. at ¶¶ 42, 44, 46, 69). This is the extent of Plaintiff's specificity in identifying Defendant's employees. Plaintiff does not allege Defendant employed any of the individually named defendants. Thus, any knowledge or information known by those individuals is not and cannot be imputed on Defendant.

Furthermore, Plaintiff does not, and cannot, allege that Defendant, a private business entity, is capable of violating any of Plaintiff's constitutional rights on its own and not through its employees or agents. As a result, all of the constitutional claims against Defendant seem to be based on a theory of vicarious liability. Therefore, Defendant cannot be held vicariously liable for any alleged deliberate indifferent acts or omissions of any of its employees or agents under a § 1983 claim, and pursuant to Federal Rule of Civil Procedure 12(b)(6), all of Plaintiff's

constitutional claims against Defendant must be dismissed.

### 4. PLAINTIFF HAS FAILED TO ALLEGE FACTS SUFFICIENT TO STATE A CONSTITUTIONAL CLAIM AGAINST DEFENDANT BASED ON A MUNICIPAL LIABILITY THEORY.

As discussed above, Defendant cannot be held liable for any of its employees' alleged constitutional violations under a theory of vicarious liability. The only method by which Defendant, a private corporation, could arguably be found to have been deliberately indifferent would be through a municipal liability theory. Plaintiff has not pled a claim for municipal liability from the face of his Amended Complaint. Regardless, any inferred theory is still insufficient when taking all of Plaintiff's allegations as being true. The municipal liability theory requires the plaintiff to prove that an established specific policy, procedure or custom caused the plaintiff to suffer a constitutional deprivation. *Johnson v. Cannon*, 2009 WL 1916928, 2 (E.D.Okla. 2009) (citing *Whitesel v. Sengenberger*, 222 F.3d 861, 870 (10th Cir. 2000)).

"[T]he Supreme Court has long held that municipalities are not liable for the constitutional torts of their employees merely on a *respondeat superior* basis. Instead, municipalities are only liable for constitutional violations that they have directly caused." *Dodds v. Richardson*, 614 F.3d 1185, 1208 (10th Cir. 2010)(quoting *Monell*, 436 U.S. at 691)(citations omitted). Plaintiff has not identified or named an employee of Defendant that he claims acted with deliberate indifference toward his medical care.

In this case, Plaintiff has not properly alleged an underlying constitutional

violation on the part of any of Defendant's employees. Without properly alleging a constitutional deprivation taken by a particular employee, Defendant's policies, procedures or practices cannot be found to have been the moving force behind an alleged constitutional deprivation. Plaintiff is unable to satisfy the requirements of the municipal liability theory, and he is unable to establish that this Defendant was deliberately indifferent. Therefore the dismissal of all of constitutional claims against this Defendant is appropriate.

Had Plaintiff actually plead a municipal theory of liability against Defendant and properly plead an underlying constitutional violation, Plaintiff still would have failed to state a claim against Defendant. The municipal theory of liability cannot be applied to Defendant as Defendant does not have the final decision-making authority for the Lawton Correctional Facility. While the U.S. Supreme Court has held that municipalities and other governmental bodies may be liable under § 1983, the Court has only done so under the municipal theory of liability which requires, among other things, that the municipality or governmental body be the final official policymaker. *Dodds v. Richardson*, 614 F.3d 1185, 1202 (10th Cir. 2010). In particular, the U.S. Supreme Court stated that "it is when execution of a government's policy or custom, whether by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 694 (1978).

Moreover, the U.S. Supreme Court went on to hold in *Pembaur v. City of Cincinnati*, that "[m]unicipal liability attaches only where the decision maker possesses final authority to establish municipal policy with respect to the action ordered. The fact that a particular official – even a policymaking official – has discretion in the exercise of particular functions does not, without more, give rise to municipal liability based on an exercise of that discretion." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (U.S. Ohio 1986) (citing *Oklahoma City v. Tuttle*, 471 U.S. 808, 822-24, (1985))(emphasis added). In addition, the Court held that an "official must also be responsible for establishing final government policy respecting such activity before the municipality can be held liable." *Id*. To state a § 1983 claim against a municipal entity or local government body, "the plaintiff must prove (1) the entity executed a policy or custom (2) that caused the plaintiff to suffer deprivation of constitutional or other federal rights." *Johnson v. Cannon*, 2009 WL 1916928, 2 (E.D.Okla. 2009) (citing *Whitesel v. Sengenberger*, 222 F.3d 861, 870 (10th Cir. 2000)).

Plaintiff failed to allege any facts sufficient to show that Defendant had final authority to establish municipal policy for Lawton Correctional Facility, nor facts sufficient to show that a specific policy or custom of Defendant caused Plaintiff to suffer an alleged constitutional deprivation. In fact, taking Plaintiff's allegations as being true, Defendant lacks the final decision-making authority with regard to medical care provided at Lawton Correctional Facility as necessary to state a claim for

municipal liability against Defendant. Plaintiff's Amended Complaint alleges that defendant "Buddy Honaker is the final decision-maker in the emergency grievance and grievance process concerning medical issues in regards to inmates in the Oklahoma Department of Corrections" (Doc. No. 7, ¶ 60). Plaintiff also alleges that defendants GEO Inc. and Patton established the healthcare policy, practices, and customs in Lawton Correctional Facility. (Doc. No. 7, ¶¶ 61, 62). Thus, Plaintiff failed to state claims under § 1983 against Defendant, and pursuant to Federal Rule of Civil Procedure 12(b)(6), Plaintiff's claims against Defendant must be dismissed.

### 5.   PLAINTIFF HAS FAILED TO ALLEGE FACTS SUFFICIENT TO SHOW THAT DEFENDANT ACTED UNDER THE COLOR OF STATE LAW.

Section 1983 "provides a federal cause of action against any person who, *acting under color of state law*, deprives another of his federal rights." *Douglas v. Miller*, 864 F.Supp.2d 1205, 1217 (W.D. Okla. 2012) (citing *Howards v. McLaughlin*, 634 F.3d 1131, 1139 (10th Cir. 2011) (emphasis added). "Because § 1983 is designated to protect individuals from violations of their rights by state actors, the only proper defendants in a § 1983 claim are those who represent the state in some capacity." *Id.* (citing *Sigmon v. Community Care HMO, Inc.*, 234 F.3d 1121, 1125 (10th Cir. 2000)).

"A private person may be liable under § 1983 if he exerts influence over a state entity, substitutes his judgment for the state entity, or participates in the decision leading to the deprivation of rights." *Id.* (citing *Beedle v. Wilson*, 422 F.3d 1059, 1071

(10th Cir. 2005)). "To state a plausible claim for relief against an entity on this basis, a plaintiff must allege facts sufficient to show the relationship on which the claim of state action is premised." *Id*. (citing *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (Okla. 2008)). "Because § 1983 applies only to state actors, factual contentions supporting state action are necessarily essential to stating a plausible claim for relief, and 'mere conclusory allegations with no supporting factual averments are insufficient.'" *Id*. (quoting *Ellibee v. Fox*, 244 Fed.Appx. 839, 843 (10th Cir. 2007) (unpublished opinion) (citations omitted)). "A complaint which fails to allege facts to show that a private person or entity exerted influence over a state actor, substituted its judgment for that of a state actor, or participated in the conduct underlying the claim is insufficient to state a § 1983 claim for relief against the private entity." *Id*. (citing *Beedle*, 422 F.3d at 1071). Defendant is a private entity. Thus, in order to state plausible § 1983 claims against Defendant, Plaintiff must allege facts sufficient to show it acted under the color of state law.

Plaintiff alleges that Defendant was "a third-party medical care provider" (Doc. No. 7, ¶ 5), that "employs medical personnel at L.C.F. and arrang[es] for serious medical care for its inmates outside of prison." (Doc. No. 7, ¶ 59). Further, Plaintiff claims that Defendant has a policy of denying and or delaying inmates at Lawton Correctional Facility access to medical care for serious medical needs. (Doc. No. 7, ¶ 46). Moreover, Plaintiff asserts that Defendant was "acting under the color of State law". (Doc. No. 7, ¶ 9).

Even though Plaintiff claims Defendant was acting under color of state law, Plaintiff provided no actual factual support for this statement, and as a result has failed to plead factual contentions sufficient to show Defendant acted under color of state law. A plaintiff's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based". *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). Plaintiff has accordingly failed to allege facts sufficient to show that Defendant, as a private entity, exerted influence over a state actor, substituted its judgment for that of a state actor, or participated in the decisions leading to an alleged deprivation of rights. Thus, Plaintiff failed to state a proper § 1983 claims against Defendant, and pursuant to Federal Rule of Civil Procedure 12(b)(6), such claims must be dismissed.

### 6.    PLAINTIFF FAILED TO STATE A CLAIM UNDER 42 U.S.C. § 1985.

In his Amended Complaint, Plaintiff alleges that the defendants conspired against him to violate his constitutional rights. (Doc. No. 7, at ¶ 65).

> In order to state a claim under § 1985(3), a plaintiff must allege "(1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom. Further, **in the absence of allegations of class based or racial discriminatory animus, the complaint fails to state a claim under § 1985."**
>
> *E.K.J. v. Roberts*, 2015 U.S. Dist. LEXIS 18704, 2015 WL 672555 (W.D. Okla. Feb. 17, 2015) (internal citations omitted) (emphasis added)

Plaintiff failed to set forth any allegations of class based or racial

discrimination. Accordingly, Plaintiff's conspiracy claims against Defendant should be dismissed.

**B.      PLAINTIFF HAS FAILED TO STATE PROPER CLAIMS ARISING FROM OKLAHOMA LAW.**

**1.      DEFENDANT IS IMMUNE FROM SUIT UNDER THE PROVISIONS OF THE OKLAHOMA GOVERNMENTAL TORT CLAIMS ACT.**

Any tort claims against this Defendant must be dismissed as a matter of law because, under the Oklahoma Governmental Tort Claims Act ("GTCA"), Defendant is considered "employees" of the state and immune from liability for tort claims. Section 152.1 of Title 51 of the Oklahoma Statutes provides:

> The State of Oklahoma does hereby adopt the doctrine of sovereign immunity. The state, its political subdivisions, and all of their employees acting within the scope of their employment, whether performing governmental or proprietary functions, shall be immune from liability for torts.

51 OKLA.STAT.ANN. § 152.1(A). The GTCA goes on to state that "licensed medical professionals under contract with the city, county, or state entities who provide medical care to inmates or detainees in the custody or control of law enforcement agencies' are considered "employees of the state" for purposes of the GTCA. 51 OKLA.STAT.ANN. § 152(7)(b)(7).

Here, Plaintiff asserts negligence claims against Defendant alleging that it failed to provide him with prompt and adequate medical treatment. (*See* Doc. No. 7, ¶ 69). Thus, Plaintiff claims that he was provided negligent medical care by the Defendant. Thus, pursuant to the GTCA, Defendant is immune from liability for any

tort claim and Plaintiff's tort claims against Defendant must be dismissed as a matter of law.

**C.    ANY CLAIM FOR PUNITIVE DAMAGES AGAINST DEFENDANT UNDER 42 U.S.C. § 1983 MUST BE DISMISSED.**

While Defendant cannot be held liable under § 1983 for the reasons discussed above, if the Court allows Plaintiff to prosecute § 1983 claims against Defendant based on municipal liability, any claim for punitive damages against Defendant must be dismissed. Punitive damages are not available against a municipality on a claim brought under § 1983. *See City of Newport v. Fact Concerts, Inc.*, 433 U.S. 247, 271, 101 S.Ct. 2748 (1981); *Butcher v. City of McAlester*, 956 F.2d 973, 976 n.1 (10th Cir. 1992). Thus, if Plaintiff is allowed to proceed on any of his claims against Defendant based on § 1983, Plaintiff cannot state claims for punitive damages against Defendant as a matter of law.

**CONCLUSION**

Dismissal of all of Plaintiff's claims against Defendant is appropriate at this time as Plaintiff has failed to state a claim against the Defendant upon which relief can be granted.

WHEREFORE, Defendant prays that this Court grant its motion and dismiss this action against this Defendant.

23

Respectfully submitted,


*s/ Austin J. Young*
ALEXANDRA G. AH LOY, OBA #31210
AUSTIN J. YOUNG, OBA # 32684
JOHNSON HANAN AND VOSLER
9801 N. Broadway Extension
Oklahoma City, OK 73114
Telephone: (405) 232-6100
Facsimile: (405) 232-6105
E-Mail: aahloy@johnsonhanan.com
E-Mail: ayoung@johnsonhanan.com
*Attorneys for Defendants, Correct Care*
*Solutions and Shirley Stouffer*

## CERTIFICATE OF FILING

I hereby certify that on the 18th day of August, 2016, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing:

Chase H. Woodley                        chase.woodley@oag.ok.gov
Don G. Pope                             dpope@pope-law.com
Russell L. Hendrickson                  rhendrickson@piercecouch.com
Jessica L. Dark                         jdark@piercecouch.com

and that a true and correct copy of the above and foregoing was mailed via first class mail to the following:

Alonzo G. Davison
D.O.C. NO. 198828
8607 SE Flowermound Rd.
Lawton, OK 73501


                              *s/ Austin J. Young* _____
                              Austin J. Young