IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ALONZO G. DAVISON | ) | |
| A*K*A | ) | |
| LONNIE DAVIDSON | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CIV-16-374-HE |
| | ) | |
| HECTOR RIOS JR., WARDEN, | ) | |
| LAWTON CORRECTIONAL FACILITY; | ) | |
| SHIRLEY STOUFFER, HEALTH SERVICE | ) | |
| ADMINISTRATOR, LAWTON CORRECTIONAL | ) | |
| FACILITY;  DR. MARS GONZABA, | ) | |
| PHYSICIAN/PROVIDER  LAWTON | ) | |
| CORRECTIONAL FACILITY;   CORRECT CARE | ) | |
| SOLUTIONS, THIRD PARTY MEDICAL CARE | ) | |
| PROVIDER FOR LAWTON | ) | |
| CORRECTIONAL FACILITY;    BUDDY | ) | |
| HONAKER, MEDICAL SERVICES ADMIN. | ) | |
| OKLAHOMA DEPARTMENT OF CORRECTIONS; | ) | |
| GEO INC, CORPORATION, PARENT COMPANY, | ) | |
| LAWTON CORRECTIONAL FACILITY, | ) | |
| ROBERT PATTON, FORMER DIRECTOR, | ) | |
| OKLAHOMA DEPARTMENT OF CORRECTIONS, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT SHIRLEY STOUFFERS'**
**<u>MOTION TO DISMISS</u>**

## <u>TABLE OF CONTENTS</u>

Table of Contents………………………………………………………………..*i*

Statement of the Case……………………………………………………………...1

Arguments and Authorities...……………………………………………………...2

    Proposition   I:   Plaintiff's  Amended  Complaint  must  be  dismissed  because Plaintiff failed to state a claim upon which relief may be granted ......……………2

        *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007)

        *Ashcroft v. Iqbal*, 554 U.S. 662, 129 S. Ct. 1937, 1940, 173 L. Ed. 2d 868 (2009)

        *Ridge at Red Hawk, L.L.C. V. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007)

        *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991)

    A.    Plaintiff  has  failed  to  state  a  proper  constitutional  claim  against Defendant……………………………………………………………….3

        1.    Plaintiff has failed to alleged facts sufficient to show that he suffered a constitutional deprivation………………………………....3

            *Douglas  v.  Miller*,  864  F.Supp.2d  1205,  1217  (W.D.Okla. 2012)

            *Howards  v.  McLaughlin,*  634  F.3d  1131,  1139  (10th Cir. 2011)

            *Martin  v.  Creek  County  Jail*,  2010  WL  4683852,  3  (N.D. Okla. 2010)

            *Wise v. Bravo,* 666 F.2d 1328, 1333 (10th Cir.1981)

            *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976)

*Gregg v. Georgia*, 428 U.S. 153, 173, 96 S.Ct. 2909, 2925 49 L.Ed.2d 859 (1976)

*Green v. Branson*, 108 F.3d 1296, 1303 (10th Cir. 1997)

*Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976)

*Tennant v. Miller*, 589 F. App'x 884, 885-86 (10th Cir. 2014)

*Farmer v. Brennan*, 511 U.S. 825, 828, 114 S.Ct. 1970, 128 L.Ed.2d 811, 828-837 (1994)

*Whitley v. Albers*, 475 U.S. 312, 319, 106 S.Ct. 1078, 1084, 89 L.Ed.2d 251(1986)

*Woodside-Fisher v. Pulley*, No. CIV-14-1244-D, 2015 WL 631106 (W.D. Okla. Feb. 12, 2015)

2.     Plaintiff has failed to allege facts sufficient to show that he suffered substantial harm……………………………………………………12

*Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009)

*Garcia v. Salt Lake County*, 768 F.2d 303, 307 (10th Cir. 1985)

*Johnson v. Mullin*, 422 F.3d 1184, 1187 (10th Cir. 2005)

*Mata v. Saiz*, 427 F.3d 745, 752-53 (10th Cir. 2005)

*Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000)

*Gee v. Pacheco*, 627 F.3d 1178, 1192 (10th Cir. 2010)

*Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993)

*Mendoza v. Lynaugh,* 989 F.2d 191, 195 (5th Cir.1993)

*Marks v. Kansas*, 75 F. App'x 712, 715 (10th Cir. 2003)

*Garrett v. Stratman,* 254 F.3d 946, 949-950 (10th Cir. 2001)

*Moore ex rel. Moore v. City of Shawnee*, No. CIV-07-1293-L, 2009 WL 426003, at *6 (W.D. Okla. Feb. 19, 2009)

*Kikumura v. Osagie*, 461 F.3d 1269, 1292 (10th Cir. 2006)

3.    Plaintiff has failed to allege facts sufficient to show that Defendant acted under the color of state law…...............................................14

*Douglas v. Miller*, 864 F.Supp.2d 1205, 1217 (W.D. Okla. 2012)

*Howards v. McLaughlin*, 634 F.3d 1131, 1139 (10th Cir. 2011)

*Sigmon v. Community Care HMO, Inc.*, 234 F.3d 1121, 1125 (10th Cir. 2000)

*Beedle v. Wilson*, 422 F.3d 1059, 1071 (10th Cir. 2005)

*Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (Okla. 2008)

*Ellibee v. Fox*, 244 Fed.Appx. 839, 843 (10th Cir. 2007) (unpublished opinion)

*Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991)

4.    Plaintiff failed to state a claim under 42 U.S. C. § 1985.................16

*E.K.J. v. Roberts*, 2015 U.S. Dist. LEXIS 18704, 2015 WL 672555 (W.D. Okla. Feb. 17, 2015)

5.    Any claim for punitive damages against defendant under 42 U.S.C. § 1983 must be dismissed.......................................................................16

*City of Newport v. Fact Concerts, Inc.*, 433 U.S. 247, 271, 101 S.Ct. 2748 (1981)

*Butcher v. City of McAlester*, 956 F.2d 973, 976 n.1 (10th Cir. 1992)

Conclusion…………………………………………………………………………17

COMES NOW Defendant, Shirley Stouffer, (hereinafter, "Defendant"), and moves this Court to dismiss this action against it pursuant to Federal Rule of Civil Procedure 12(b)(6). In support thereof, the Defendant respectfully shows the Court the following:

## STATEMENT OF THE CASE

1.   Plaintiff filed his Complaint on April 15, 2016, in which he named Shirley Stouffer as a defendant in this case. (*See* Complaint, Doc. No. 1).

2.   Plaintiff filed his Amended Complaint on April 29, 2016, in which he added a defendant in this case. (*See* Amended Complaint, Doc. No. 7).

3.   In Plaintiff's Amended Complaint, he alleges that defendants denied and delayed medical treatment which caused him pain and suffering. (*See* Doc. No. 7).

4.   Plaintiff seeks to allege a 42 U.S.C. § 1983 claim for cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments of the United States Constitution against Defendant, alleging that Defendant was deliberately indifferent to his medical needs.  (Doc. No. 7, ¶¶ 65, 66).

5.   Plaintiff alleges that defendant Hector Rios Jr. is responsible for the daily operations of the Lawton Correctional Facility, as well as arranging transportation for serious medical care for its inmates.  (Doc. No. 7, ¶ 57).

6.   Plaintiff alleges that defendant Buddy Honaker is the final decision-maker in the emergency grievance and grievance process concerning medical issues in

regards to inmates in the Oklahoma Department of Corrections. (Doc. No. 7, ¶ 60).

7.     Plaintiff alleges that defendant "Robert Patton, while Director of the Oklahoma Department of Corrections, establishes policy, practices, and/or customs in regards to medical care generally, and was responsible for the everyday operations of state prisons (in Oklahoma), and the welfare of its prisoners." (Doc. No. 7, ¶ 62).

### ARGUMENTS AND AUTHORITIES

**PROPOSITION I:     PLAINTIFF'S AMENDED COMPLAINT MUST BE DISMISSED BECAUSE PLAINTIFF FAILED TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED AGAINST DEFENDANT.**

A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007). In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. The factual allegations within the complaint "must be enough to raise a right to relief above the speculative level." *Id*. (citations omitted).

A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell* at 570. For a complaint to have facial plausibility, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

2

554 U.S. 662, 129 S. Ct. 1937, 1940, 173 L. Ed. 2d 868 (2009). "[T]he mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support of these claims." *Ridge at Red Hawk, L.L.C. V. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). A plaintiff's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based". *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

## A.   PLAINTIFF HAS FAILED TO STATE A PROPER CONSTITUTIONAL CLAIM AGAINST DEFENDANT.

### 1.   PLAINTIFF HAS FAILED TO ALLEGE FACTS SUFFICIENT TO SHOW THAT HE SUFFERED A CONSTITUTIONAL DEPRIVATION.

Plaintiff asserts claims arising under 42 U.S.C. § 1983 (hereinafter "§ 1983"). Section 1983 "provides a federal cause of action against any person who, *acting under color of state law,* deprives another of his federal rights." *Douglas v. Miller*, 864 F.Supp.2d 1205, 1217 (W.D.Okla. 2012) (citing *Howards v. McLaughlin,* 634 F.3d 1131, 1139 (10th Cir. 2011) (emphasis added). In his Amended Complaint, Plaintiff alleges that Defendant violated his rights under the Eighth [and Fourteenth] Amendment[s] to the Constitution of the United States. (Doc. No. 7, ¶ 65).

Plaintiff alleges that Defendant denied him adequate medical care while lawfully employed as a health services administrator at Lawton Correctional Facility. (*See* Doc. No. 7). It does not appear that Plaintiff is alleging that Defendant provided

3

him with negligent medical care. Rather, Plaintiff only alleges that Defendant denied/delayed his medical care. Specifically, Plaintiff alleges that Defendant delayed scheduling his gallbladder surgery. (Doc. No. 7, ¶¶ 12, 66). Plaintiff claims that "the action of defendant Shirley Stouffer in denying/delaying Plaintiff's surgery manifested when she became aware that he had a serious medical need that was diagnosed by a physician as mandating treatment." (Doc. No. at ¶ 66).

Notably, Plaintiff has failed to plead that any alleged denial/delay in medical care caused him to suffer any permanent injury. It is also noteworthy that, while his Amended Complaint alleges that Defendants were deliberately indifferent to his medical needs, he also alleges that he was receiving ongoing medical treatment and that the Defendants were responding to his medical complaints. Plaintiff alleges that he was seen and examined by Defendant Dr. Gonzaga in the medical unit on August 15, 2015. (Doc. No. 7, ¶ 12). Plaintiff alleges that Defendant Dr. Gonzaga transferred him out to Comanche County Memorial Hospital the same day, where he remained for six days. (Doc. No. 7, ¶ 12).

Plaintiff alleges that Defendant Stouffer and Defendant Dr. Gonzaga repeatedly told him that his request for surgery had been sent out for referral, and that they were waiting to hear back from the outside medical provider. (Doc. No. 7, ¶¶ 12, 27). Plaintiff alleges that the Defendants advised him that his referral had been approved but the surgeon was waiting on the radiologist to read his ultrasound. (Doc. No. 7, ¶ 12). In fact, Plaintiff alleges that he received two ultrasounds during the time period at

issue. (Doc. No. 7, ¶¶ 12, 31). Plaintiff further alleges that the Defendants advised him that his surgery had been approved, and that they were just waiting on it to be scheduled by the outside provider. (Doc. No. 7, ¶ 12). Taking Plaintiff's allegations as being true, the Defendants were regularly responding to Plaintiff's medical concerns and were keeping him apprised of the status of scheduling his surgery.

Further, while Plaintiff alleges that he was "basically starved", he also counter-intuitively alleges that Defendant Dr. Gonzaga provided him with IV fluids due to malnutrition after he was seen and examined in the medical unit. (Doc. No. 7, ¶ 29). Plaintiff also alleges that he was given depression medication in response to his complaints related to his illness, further demonstrating that Defendants were not deliberately indifferent to his medical needs. (Doc. No. 7, ¶ 37). Plaintiff further alleges that he underwent his pre-operative consultation in February 2016. (Doc. No. 7, ¶ 12). Finally, Plaintiff alleges in his Amended Complaint that he ultimately received the complained-of surgery on March 15, 2016. (Doc. No. 7, ¶¶ 12, 38).

Thus, taking Plaintiff's allegations as being true, Plaintiff *was* transferred to a surgeon for treatment of his medical condition, where he underwent gallbladder removal surgery. (Doc. No. 7, ¶ 12). Thus, Defendant was not ignoring Plaintiff's medical condition but was arranging and providing for treatment with an outside medical provider during the period of time complained of by Plaintiff. In fact, Plaintiff does not allege that Defendant was not providing medical care and treatment (which, by the face of his Amended Complaint he was receiving), but instead that he was

dissatisfied with the care and treatment he was receiving.

While Plaintiff may not be happy with the treatment he received, that is not a valid claim under § 1983. Thus, Plaintiff cannot and does not allege acts or omissions on the part of Defendant that rise to the level of an unconstitutional deprivation. In order to "state a claim under § 1983, an individual must allege misconduct that is 'so egregious as to subject the aggrieved individual to a deprivation of constitutional dimensions.'" *Martin v. Creek County Jail*, 2010 WL 4683852, 3 (N.D. Okla. 2010) (quoting *Wise v. Bravo,* 666 F.2d 1328, 1333 (10th Cir.1981)). "When misconduct falls short of this standard, an individual must seek relief in state court under traditional tort-law principles." *Id.*

"[D]eliberate indifference to serious medical needs of prisoners constitutes the "unnecessary and wanton infliction of pain". *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976) (citing *Gregg v. Georgia*, 428 U.S. 153, 173, 96 S.Ct. 2909, 2925 49 L.Ed.2d 859 (1976) (joint opinion of Stewart, Powell, and Stevens, JJ.)). "[E]very claim by a prisoner that he has not received adequate medical treatment" does not state "a violation of the Eighth Amendment." *Id*. at 105.

"[I]n the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.'" *Id*. at 105-06. As such, a complaint alleging negligence in diagnosing or treating a medical condition does not become a valid constitutional claim of medical mistreatment under the Eighth Amendment

6

simply because the victim is a prisoner. "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." *Id.* Negligence alone does not state a claim under § 1983 for deliberate indifference to medial needs. *See Green v. Branson*, 108 F.3d 1296, 1303 (10th Cir. 1997). **Differences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnosis or treatment also are not enough to state a deliberate indifference claim**. *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976).

In order to prevail on an Eighth Amendment claim, a plaintiff "must show deliberate indifference to a substantial risk of serious harm. The claim contains objective and subjective elements. Objectively, the deprivation must be sufficiently serious. Subjectively, the defendant must have been aware of a substantial risk of serious harm." *Tennant v. Miller*, 589 F. App'x 884, 885-86 (10th Cir. 2014) (citing *Farmer v. Brennan*, 511 U.S. 825, 828, 114 S.Ct. 1970, 128 L.Ed.2d 811, 828-837 (1994) (internal citations omitted).

Here, Plaintiff has failed to state a claim under § 1983 against Defendant as he does not allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. In short, Plaintiff's § 1983 claim is that Defendant denied him appropriate medical treatment and delayed the surgical removal

of his gallbladder. This alleged failure does not constitute unnecessary and wanton inflictions of pain repugnant to the conscience of mankind. Thus, Plaintiff has failed to state § 1983 claims against Defendant, and, pursuant to Federal Rule of Civil Procedure 12(b)(6), such claims must be dismissed.

Plaintiff's allegations fail to satisfy the objective prong because he has failed to properly allege with factual support that any alleged deprivation was sufficiently serious. Plaintiff's complaints related to his stomach pain and bowel issues are based on Plaintiff's lack of comfort and frustration with the speed with which he was given medical treatment and surgery. From his allegations, the extent of Plaintiff's harm seems to be stomach pain and bowel trouble, and Plaintiff fails to allege that Defendant failed to properly care for these issues. Plaintiff's stomach pain, bowel troubles, and resulting embarrassment fail to meet the objective prong of a deliberate indifference claim. As a result, based on Plaintiff's own factual averments, he has failed to state a claim against this Defendant upon which relief can be granted.

To sufficiently plead the subjective prong, there must be a showing of "'more than ordinary lack of due care for the prisoner's interests or safety.'" *Id*. (quoting *Whitley v. Albers*, 475 U.S. 312, 319, 106 S.Ct. 1078, 1084, 89 L.Ed.2d 251(1986)). Specifically, in order to impose liability, "the officials must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer* at 837. Thus, the Plaintiff must allege that Defendant knew of and disregarded a substantial risk of harm to Plaintiff.

Negligence alone does not state a claim under § 1983 for deliberate indifference to medical needs. *Green v. Branson*, 108 F.3d 1296, 1303 (10th Cir. 1997).

A court recently dismissed a claim similar to Plaintiff's for failure to state a claim under § 1983. In *Woodside-Fisher v. Pulley*, No. CIV-14-1244-D, 2015 WL 631106 (W.D. Okla. Feb. 12, 2015), the plaintiff alleged that he asked a prison official if his breakfast tray included pork because he felt abdominal pain, numbness and nausea after eating. The official advised him that the food did not contain pork and denied his request for medical treatment. For three days afterward, the plaintiff continued to have abdominal pain, swelling and nausea, and requested medical attention every time a jail official would pass by but was denied medical attention. He also submitted multiple requests for medical care but was denied. Additionally, the medical professional at the jail denied the plaintiff's request for medicine for his posttraumatic stress disorder for several months. This Court ruled that the plaintiff in *Pulley* had failed to allege conduct that stated a plausible claim for unconstitutional denial of medical care. *Id*. at *3.

There, the court concluded that the plaintiff had failed to allege that the defendant "acted with deliberate indifference to a serious medical need, *i.e.,* that she *knew of* and *disregarded* a substantial risk of harm to Plaintiff by withholding medical treatment." *Id*. at *3 (emphasis in original) (internal citations omitted). Facts important to the court's analysis included that the plaintiff had not identified any jail official to whom he had made his requests for medical attention; that the plaintiff did not allege

that a particular officer had ignored his symptoms; and that the plaintiff did not allege facts that demonstrated his symptoms caused outward signs that would objectively indicate to the officer the presence of a substantial risk of serious harm. *Id*.

First, as discussed further in the next section, no substantial harm of harm to Plaintiff ever existed. Plaintiff's Amended Complaint does not plead allegations to suggest that a serious medical need existed which was not treated or that Defendant failed to transfer him to a surgeon. Second, any risk of harm that did exist, if any, was not disregarded or ignored. By Plaintiff's own allegations, Defendant was not deliberately indifferent to his medical condition, as he was actively provided with medical care and treatment. To the contrary, taking Plaintiff's allegations as being true, he did receive the requested treatment during the complained-of time frame. The Amended Complaint does not identify a diagnosed medical need which mandated treatment beyond what Defendant was providing him. Plaintiff does not even allege any subsequent diagnoses of medical conditions which could have been prevented by an alternate course of treatment by Defendants. Plaintiff's allegations do not support a reasonable conclusion that jail medical staff from whom Plaintiff requested medical help knew he faced a substantial risk of harm or disregarded an obvious risk by allegedly delaying his transfer to an outside neurosurgeon. Accordingly, Plaintiff has failed to allege any conduct that would state a plausible claim for unconstitutional denial of medical care and, pursuant to Federal Rule of Civil Procedure 12(b)(6), his claims must be dismissed.

10

Plaintiff's conclusory allegation that Defendant did not provide "medical care in a timely fashion for Plaintiff's serious medical need, when relief was readily available" does not comply with the standard required by *Twomby*. Plaintiff's allegations indicate that medical providers were responding to his complaints and requests for surgery, just that Plaintiff disagreed with the timeliness with which the Defendants were able to arrange his surgery. Defendant's inability to affect the timeliness of his surgery is evidenced on the face of the Amended Complaint. Plaintiff's own allegations acknowledge that defendant "Buddy Honaker is the final decision-maker in the emergency grievance and grievance process concerning medical issues in regards to inmates in the Oklahoma Department of Corrections," (Doc. No. 7, ¶ 60), and that the Director of ODOC, defendant Robert Patton "was responsible for the everyday operations of state prisons (in Oklahoma), and the welfare of its prisoners." (Doc. No. 7, ¶ 62). Plaintiff, was at the mercy of prison officials and the hospital's surgical schedule. Simply stating conclusions that Plaintiff was deprived of medical care does not rise to a serious deprivation for purposes of § 1983 claim against this Defendant.

Based on Plaintiff's own factual allegations contained in his Amended Complaint, Defendant's alleged improper actions do not constitute unnecessary and wanton inflictions of pain repugnant to the conscience of mankind. Additionally, Plaintiff failed to properly allege that he was ever at risk of substantial harm or that Shirley Stouffer ignored that risk. Accordingly, based on the vague and conclusory

11

allegations contained in Plaintiff's Amended Complaint, Plaintiff has failed to state a § 1983 claim against Defendant and pursuant to Federal Rule of Civil Procedure 12(b)(6), such claims must be dismissed.

### 2.    PLAINTIFF HAS FAILED TO ALLEGE FACTS SUFFICIENT TO SHOW THAT HE SUFFERED SUBSTANTIAL HARM.

To establish a constitutional violation for denial of medical attention under the Eighth Amendment, a plaintiff must show "deliberate indifference to serious medical needs." *Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009) (quoting *Garcia v. Salt Lake County*, 768 F.2d 303, 307 (10th Cir. 1985). "Deliberate indifference involves both an objective and a subjective component." *Johnson v. Mullin*, 422 F.3d 1184, 1187 (10th Cir. 2005) (internal quotation omitted); *see Martinez*, 563 F.3d at 1088-89. "The objective component of the test is met if the 'harm suffered rises to a level "sufficiently serious" to be cognizable under the Cruel and Unusual Punishment Clause' of the Eighth Amendment." *Martinez*, 563 F.3d at 1088 (quoting *Mata v. Saiz*, 427 F.3d 745, 752-53 (10th Cir. 2005)). "[I]t is the harm claimed by the prisoner that must be sufficiently serious to satisfy the objective component, and not solely 'the symptoms presented at the time the prison employee has contact with the prisoner.'" *Id*. (quoting *Mata*, 427 F.3d at 753). "A medical need is sufficiently serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000) (internal quotation omitted); *see also Gee v. Pacheco*, 627 F.3d 1178, 1192 (10th Cir. 2010).

In the case at hand, it appears that Plaintiff is complaining of a delay in transferring him to an outside surgeon for gallbladder removal surgery. (*See* Doc. 7.) A delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference which results in substantial harm. *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993) (quoting *Mendoza v. Lynaugh,* 989 F.2d 191, 195 (5th Cir.1993)). "Substantial harm is a 'lifelong handicap, permanent loss, or considerable pain'". *Marks v. Kansas*, 75 F. App'x 712, 715 (10th Cir. 2003) (quoting *Garrett v. Stratman,* 254 F.3d 946, 949-950 (10th Cir. 2001)). Moreover, "[t]hat 'substantial harm' can be the ultimate physical injury caused by the prisoner's illness, so long as the prisoner can show that the more timely receipt of medical treatment would have minimized or prevented the harm." *Moore ex rel. Moore v. City of Shawnee*, No. CIV-07-1293-L, 2009 WL 426003, at *6 (W.D. Okla. Feb. 19, 2009) (citing *Kikumura v. Osagie*, 461 F.3d 1269, 1292 (10th Cir. 2006)).

Plaintiff has made no showing that he suffered any substantial harm (or any actual harm whatsoever) due to the alleged delay of Defendant in transferring him to an outside surgeon. Further, on the face of his Amended Complaint, Plaintiff has failed to allege that he suffered *any* type of permanent injury as a result of the alleged acts or omissions of Defendant. Plaintiff's conclusory allegations lack any evidence of substantial harm caused by Defendant's alleged denial or delay in medical treatment. Further, Plaintiff has failed to plead that the more timely receipt of medical treatment would have minimized or prevented any alleged harm. Thus, Plaintiff fails to allege

13

circumstances from which to reasonably infer that he suffered a sufficiently serious harm to satisfy the objective component of a constitutional claim. Accordingly, Plaintiff has failed to state § 1983 claims against Defendant and, pursuant to Federal Rule of Civil Procedure 12(b)(6), such claims must be dismissed.

> **3.     PLAINTIFF HAS FAILED TO ALLEGE FACTS SUFFICIENT TO SHOW THAT DEFENDANT ACTED UNDER THE COLOR OF STATE LAW.**

Section 1983 "provides a federal cause of action against any person who, *acting under color of state law*, deprives another of his federal rights." *Douglas v. Miller*, 864 F.Supp.2d 1205, 1217 (W.D. Okla. 2012) (citing *Howards v. McLaughlin*, 634 F.3d 1131, 1139 (10th Cir. 2011) (emphasis added). "Because § 1983 is designated to protect individuals from violations of their rights by state actors, the only proper defendants in a § 1983 claim are those who represent the state in some capacity." *Id*. (citing *Sigmon v. Community Care HMO, Inc.*, 234 F.3d 1121, 1125 (10th Cir. 2000)).

"A private person may be liable under § 1983 if he exerts influence over a state entity, substitutes his judgment for the state entity, or participates in the decision leading to the deprivation of rights." *Id*. (citing *Beedle v. Wilson*, 422 F.3d 1059, 1071 (10th Cir. 2005)). "To state a plausible claim for relief against an entity on this basis, a plaintiff must allege facts sufficient to show the relationship on which the claim of state action is premised." *Id*. (citing *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (Okla. 2008)). "Because § 1983 applies only to state actors, factual contentions supporting

state action are necessarily essential to stating a plausible claim for relief, and 'mere conclusory allegations with no supporting factual averments are insufficient.'" *Id.* (quoting *Ellibee v. Fox*, 244 Fed.Appx. 839, 843 (10th Cir. 2007) (unpublished opinion) (citations omitted)). "A complaint which fails to allege facts to show that a private person or entity exerted influence over a state actor, substituted its judgment for that of a state actor, or participated in the conduct underlying the claim is insufficient to state a § 1983 claim for relief against the private entity." *Id.* (citing *Beedle*, 422 F.3d at 1071). Defendant is a private person. Thus, in order to state plausible § 1983 claims against Defendant, Plaintiff must allege facts sufficient to show she acted under the color of state law.

Plaintiff alleges that Defendant is the Health Service Administrator at Lawton Correctional Facility (Doc. No. 7, ¶ 3), who "is responsible for medical care generally … and arranging for care of serious medical needs for its inmates outside of prison." (Doc. No. 7, ¶ 56). Further, Plaintiff claims that Defendant "needlessly allowed [him] to suffer, when relief was readily available." (Doc. No. 7, ¶ 66). Moreover, Plaintiff asserts that Defendant was "acting under the color of State law." (Doc. No. 7, ¶ 9).

Even though Plaintiff claims Defendant was acting under color of state law, Plaintiff provided no actual factual support for this statement, and as a result has failed to plead factual contentions sufficient to show Defendant acted under color of state law. A plaintiff's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based". *Hall v. Bellmon,* 935

F.2d 1106, 1110 (10th Cir. 1991). Plaintiff has accordingly failed to allege facts sufficient to show that Defendant, as a private person, exerted influence over a state actor, substituted her judgment for that of a state actor, or participated in the decisions leading to an alleged deprivation of rights. Thus, Plaintiff failed to state a proper § 1983 claims against Defendant, and pursuant to Federal Rule of Civil Procedure 12(b)(6), such claims must be dismissed.

### 4.   PLAINTIFF FAILED TO STATE A CLAIM UNDER 42 U.S. C. § 1985.

In his Amended Complaint, Plaintiff alleges that the defendants conspired against him to violate his constitutional rights. (Doc. No. 7, at ¶ 65).

> In order to state a claim under § 1985(3), a plaintiff must allege "(1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom. Further, **in the absence of allegations of class based or racial discriminatory animus, the complaint fails to state a claim under § 1985.**"
>
> *E.K.J. v. Roberts*, 2015 U.S. Dist. LEXIS 18704, 2015 WL 672555 (W.D. Okla. Feb. 17, 2015) (internal citations omitted) (emphasis added)

Plaintiff failed to set forth any allegations of class based or racial discrimination. Accordingly, Plaintiff's conspiracy claims against Defendant should be dismissed.

### 5.   ANY CLAIM FOR PUNITIVE DAMAGES AGAINST DEFENDANT UNDER 42 U.S.C. § 1983 MUST BE DISMISSED.

While Defendant cannot be held liable under § 1983 for the reasons discussed above, if the Court allows Plaintiff to prosecute § 1983 claims against Defendant

based on municipal liability, any claim for punitive damages against Defendant must be dismissed. Punitive damages are not available against a municipality on a claim brought under § 1983. *See City of Newport v. Fact Concerts, Inc.*, 433 U.S. 247, 271, 101 S.Ct. 2748 (1981); *Butcher v. City of McAlester*, 956 F.2d 973, 976 n.1 (10th Cir. 1992). Thus, if Plaintiff is allowed to proceed on any of his claims against Defendant based on § 1983, Plaintiff cannot state claims for punitive damages against Defendant as a matter of law.

## CONCLUSION

Dismissal of all of Plaintiff's claims against Defendant is appropriate at this time as Plaintiff has failed to state a claim against the Defendant upon which relief can be granted.

WHEREFORE, Defendant prays that this Court grant its motion and dismiss this action against this Defendant.

Respectfully submitted,

*s/ Austin J. Young*
ALEXANDRA G. AH LOY, OBA # 31210
AUSTIN J. YOUNG, OBA # 32684
JOHNSON HANAN AND VOSLER
9801 N. Broadway Extension
Oklahoma City, OK 73114
Telephone: (405) 232-6100
Facsimile: (405) 232-6105
E-Mail: aahloy@johnsonhanan.com
E-Mail: ayoung@johnsonhanan.com
*Attorneys for Defendants, Correct Care Solutions and Shirley Stouffer*

17

<u>CERTIFICATE OF FILING</u>

I hereby certify that on the 18th day of August, 2016, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing:

| | |
|---|---|
| Chase H. Woodley | chase.woodley@oag.ok.gov |
| Don G. Pope | dpope@pope-law.com |
| Russell L. Hendrickson | rhendrickson@piercecouch.com |
| Jessica L. Dark | jdark@piercecouch.com |

and that a true and correct copy of the above and foregoing was mailed via first class mail to the following:

Alonzo G. Davison
D.O.C. NO. 198828
8607 SE Flowermound Rd.
Lawton, OK 73501

*s/ Austin J. Young*
Austin J. Young