# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ALONZO G. DAVISON, | ) | |
| A*K*A | ) | |
| LONNIE DAVIDSON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-16-374-HE |
| | ) | |
| HECTOR RIOS JR., WARDEN, | ) | |
| LAWTON CORRECTIONAL FACILITY, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

---

## DEFENDANT DR. MARS GONZAGA'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND SUPPORTING BRIEF

---

Russell L. Hendrickson, OBA No. 10847
Jessica L. Dark, OBA No. 31236
Pierce Couch Hendrickson
 Baysinger & Green, L.L.P.
1109 N. Francis
Oklahoma City, Oklahoma  73106
Telephone:   (405) 235-1611
Facsimile:    (405) 235-2904
rhendrickson@piercecouch.com
jdark@piercecouch.com
*Attorneys for Defendant Gonzaga*

**September 9, 2016**

## **TABLE OF CONTENTS**

STATEMENT OF THE CASE..................................................................................1

ARGUMENTS AND AUTHORITIES.......................................................................3

    I.     Pleading Standard Under Twombly and Iqbal...............................3

    II.    Plaintiff Fails to State A Claim Upon Which Relief May Be
          Granted Against This Defendant..........................................................4

        A.    *Plaintiff has Failed to Allege Sufficient Facts to Establish he
             Suffered a Constitutional Violation*.........................................4

            1.    Plaintiff Fails to Allege Dr. Gonzaga Acted
                  with Constitutional Magnitude.................................6

            2.    Plaintiff's Alleged Harm is Not Objectively
                  Serious.........................................................................8

            3.    Plaintiff has not Alleged Dr. Gonzaga was
                  Subjectively Aware of a Serious Medical
                  Condition and Deliberately Ignored him.................10

        B.    *Plaintiff has Failed to State a Claim for Conspiracy under
             42 U.S.C. § 1985*.......................................................................12

    III.    Plaintiff Has Failed to Allege Sufficient Facts That Defendant
          Acted Under the Color of The Law.................................................13

    IV.    If He Is A State Actor, Defendant Gonzaga is Entitled To Qualified
          Immunity.........................................................................................15

CONCLUSION....................................................................................................17

# TABLE OF AUTHORITIES

Cases

*Amax Coal Co.,*
   610 F.2d 701 (10th Cir. 1979) ................................................................... 18

*Beedle v. Wilson,*
   422 F.3d 1059 (10th Cir. 2005) ................................................................ 20

*Bell Atlantic Corp. v. Twombly,*
   550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ................................. 9, 10

*Blackmore v. Kalamazoo County,*
   390 F.3d 890 (6th Cir. 2004) .................................................................... 15

*Case v. West Las Vegas Indep. Sch. Dist.,*
   473 F.3d 1323 (10th Cir. 2007) ................................................................ 23

*Chavez v. Cady,*
   207 F.3d 901 (7th Cir. 2000) .................................................................... 11

*Crow v. Montgomery,*
   403 F.3d 598 (8th Cir.2005) ..................................................................... 23

*Dixon v. City of Lawton,*
   898 F.2d 1443 (10th Cir. 1990) ................................................................ 19

*Douglas v. Miller,*
   864 F.Supp.2d 1205 (W.D. Okla. 2012) .................................................... 11, 19

*Drake v. City of Fort Collins,*
   927 F.2d 1156 (10th Cir. 1991) ................................................................ 10

*E.K.J. v. Roberts,*
   No. CIV-14-906—M, 2015 WL 672555 (W.D. Okla. Feb. 17, 2015) ...................... 18

*Ellibee v. Fox,*
   244 Fed.Appx. 839 (10th Cir. 2007) .......................................................... 20

*Estelle v. Gamble,*
   429 U.S. 97, 97 S.Ct.  (1992) ........................................................... 11, 12, 14

*Farmer v. Brennan,*
   511 U.S. 825 (1994) ............................................................................... 11

*Garrett v. Selby Connor Maddux & Janer,*
   425 F.3d 836 (10th Cir. 2005) .................................................................. 10

*Garrett v. Stratman,*
   254 F.3d 946 (10th Cir. 2001) ............................................................... 15, 16

*Gobert v. Caldwell,*
   463 F.3d 339 (5th Cir. 2006) .................................................................... 17

*Green v. Branson,*
  108 F.3d 1296 (10th Cir. 1997) ................................................................................. 12
*Gross v. Pirtle,*
  245 F.3d 1151 (10th Cir. 2001) ................................................................................. 22
*Hall v. Bellmon*,
  935 F.2d 1106 (10th Cir. 1991) ....................................................................... 9, 10, 21
*Horn v. Madison County Fiscal Court,*
  22 F.3d 653 (6th Cir. 1994) ...................................................................................... 17
*Howards v. McLaughlin,*
  634 F.3d 1131 (10th Cir. 2011) ................................................................................. 11
*Howards v. McLaughlin*,
  64 F.3d 1131 (10th Cir. 2011) ............................................................................ 19, 20
*Hunt v. Uphoff,*
  199 F.3d 1220 (10th Cir. 1999) ................................................................................. 15
*Iqbal,*
  556 U.S. ................................................................................................................... 19
*Jones v. Muskegon County,*
  625 F.3d 935 (6th Cir. 2010) .................................................................................... 16
*Kay v. Bemis*,
  530 F.3d 1214 (10th Cir. 2007) ................................................................................. 10
*Kikumura v. Osagie,*
  461 F.3d 1269 (10th Cir. 2006) ................................................................................ 16
*Kirby v. Dall. Cnty. Adult Probation Dept.,*
  359 Fed.Appx. 27 (10th Cir. 2009) ........................................................................... 19
*Malley v. Briggs,*
  475 U.S. 335 (1986) ................................................................................................. 22
*Marks v. Kansas,*
  75 F.App'x 712 (10th Cir. 2003) ............................................................................... 16
*Martin v. Board of Cnty. Comm'rs,*
  909 F.2d 402 (10th Cir. 1990) .................................................................................. 11
*Martin v. Creek County Jail,*
  No. 10-CV-0699-CVE-PJC, 2010 WL 4683852 (N.D. Okla. 2010) ................................. 14
*Mata v. Saiz,*
  427 F.3d 745 (10th Cir. 2005) .................................................................................. 15
*Medina v. City and County of Denver,*
  960 F.2d 1493 (10th Cir. 1992) ................................................................................ 23

*Meloy v. Bachmeier*,
   302 F.3d 845 (8th Cir. 2002) ................................................................................ 11

*Mendoza v. Lynaugh*,
   989 F.2d 191 (5th Cir. 1993) ................................................................................ 16

*Mitchell v. Forsyth*,
   472 U.S. 511 (1985) .............................................................................................. 22

*Moore ex rel. Moore v. City of Shawnee*,
   No. CIV-07-1293-L, 2009 WL 426003 (W.D. Okla. Feb. 19, 2009) ............................. 16

*Olson v. Stotts*,
   9 F.3d 1475 (10th Cir. 1993) ................................................................................ 16

*Pearson v. Callahan*,
   555 U.S. 223 (2009) .............................................................................................. 23

*Perez v. Oakland County*,
   466 F.3d 416 (6th Cir. 2006) ................................................................................ 17

*Plumhoff v. Rickard*,
   134 S. Ct. 2012 (2014) .......................................................................................... 22

*Richardson*,
   6 F.3d 683 (10th Cir. 1993) .................................................................................. 18

*Robbins v. Oklahoma*,
   519 F.3d 1242 (10th Cir. 2008) ........................................................................ 10, 20

*Saucier v. Katz*,
   533 U.S. 194 (2001) .............................................................................................. 22

*Schwartz v. Booker*,
   702 F.3d 573 (10th Cir. 2012) .............................................................................. 22

*Sealock v. Colorado*,
   218 F.3d 1205 (10th Cir. 2000) ........................................................................ 11, 15

*Sigmon v. Community Care HMO, Inc.*,
   234 F.3d 1121 (10th Cir. 2000) ............................................................................ 20

*Slater v. A.G. Edwards & Sons, Inc.*,
   719 F.3d 1190 (10th Cir. 2013) ............................................................................ 10

*Stanton v. Sims*,
   134 S.Ct. 3 (2013) ................................................................................................ 23

*Swain v. Spinney*,
   117 F.3d 1 (1st Cir.1997) ...................................................................................... 23

*Tennant v. Miller*,
   589 F.App'x 884 (10th Cir. 2014) .......................................................................... 11

*Toevs v. Reid,*
   646 F. 3d 752 (10th Cir. 2011) ................................................................................. 23
*Vigil v. Walters,*
   2012 WL 2403408, 485 Fed.Appx. 961 (10th Cir. 2012) ................................................. 14

Statutes

42 U.S.C. Sec. 1983 ........................................................................................... passim
42 U.S.C. § 1985 ................................................................................................. 18
42 U.S.C. § 1985(3) ............................................................................................. 18

Rules

Fed. R. Civ. P. 12(b)(6) ........................................................................................ passim
FED. R. CIV. P. 8(A)(2) ............................................................................................... 9

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALONZO G. DAVISON,<br>A*K*A<br>LONNIE DAVIDSON<br><br>　　　　　Plaintiff,<br><br>v.<br><br>　HECTOR RIOS JR., WARDEN,<br>LAWTON CORRECTIONAL FACILITY, et<br>al.,<br><br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)　Case No. CIV-16-374-HE<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT DR. MARS GONZAGA'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

COMES NOW Defendant Dr. Mars Gonzaga (hereinafter "Dr. Gonzaga"), and hereby moves to dismiss all causes of action asserted against him in the Amended Complaint filed on April 29, 2016 (Doc. 7). This Motion is filed pursuant to Fed. R. Civ. P. 12(b)(6) for the reason that Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted as to Defendant Dr. Gonzaga. In support of this Motion, Defendant Dr. Gonzaga submits the following arguments and authorities:

## STATEMENT OF THE CASE

1.　　Plaintiff, an inmate in the Lawton Correctional Facility prison ("LCF"), filed his initial Complaint on April 15, 2016, naming, *inter alia,* Dr. Mars Gonzaga as

a defendant. (Doc. 1).

2.   Plaintiff thereafter filed an Amended Complaint on April 29, 2016, adding an additional defendant to the case. (Doc. 7).

3.   Plaintiff alleges that during his incarceration at LCF defendants, including Dr. Gonzaga, denied and delayed him medical treatment, resulting in lost work, trouble sleeping, emotional distress, pain and suffering. (See Doc. 7).

4.   In his Amended Complaint, Plaintiff alleges Dr. Gonzaga violated the Eighth Amendment of the United States Constitution, alleging that Dr. Gonzaga was deliberately indifferent to his medical needs and acted maliciously and sadistically toward Plaintiff. (Doc. 7, par. 67).

5.   Plaintiff alleges that Shirley Stouffer is responsible for medical care at LCF and arranging for care of serious medical needs for its inmates. (Doc. 7, par. 56).

6.   Plaintiff alleges that Defendant Hector Rios, Jr. is responsible for the daily operations of LCF, as well as for arranging transportation for medical care for the inmates. (Doc. 7, par. 57).

7.   Plaintiff further alleges that Defendant Buddy Honaker is the final decision-maker in the emergency grievance and grievance process concerning medical issues in regard to inmates incarcerated in the custody of the Oklahoma Department of Corrections. (Doc. 7, par. 60).

8.   Plaintiff further alleges that Defendant Robert Patton, former director of ODOC, established policy, practices, and/or customs in regard to medical care

generally and was responsible for the operation of DOC prisons. (Doc. 7, par. 62).

## ARGUMENTS AND AUTHORITIES

### I.    PLEADING STANDARD UNDER *TWOMBLY* AND *IQBAL*

In analyzing the sufficiency of the First Amended Complaint, "the court need accept as true only plaintiff's well-pleaded factual contentions, not her conclusory allegations. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). FED. R. CIV. P. 8(A)(2) requires that a pleader provide "a short and plain statement of the claim showing . . . entitle[ment] to relief." The required "short and plain statement" must provide "fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The initial pleading must contain "[f]actual allegations [which are sufficient] to raise a right to relief above the speculative level." *Id.* It is the plaintiff's duty to allege "enough facts to state a claim to relief that is plausible on its face," not just conceivable. *Id.* at 570; *Slater v. A.G. Edwards & Sons, Inc.*, 719 F.3d 1190, 1196 (10th Cir. 2013) *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

In a pro se case, the pro se litigant's pleadings are to be liberally construed and held to a less stringent standard. *Hall,* 935 F.2d at 1110; *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir. 2005). However, the Court is not authorized to become an advocate for the pro se litigant. *Id.* "Despite the liberal construction afforded pro se pleadings, the court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues." *Drake v.*

3

*City of Fort Collins,* 927 F.2d 1156, 1159 (10th Cir. 1991); see also *Kay v. Bemis,* 530 F.3d 1214, 1218 (10th Cir. 2007) ("Rather than adjudging whether a claim is 'improbable, factual allegations in a complaint must be enough to raise a right to belief above the speculative level.'" quoting *Twombly,* 550 U.S. at 555). In considering the sufficiency of Plaintiff's Complaint, the Court must accept the allegations within as true. Despite the less stringent standard and liberal construction, Plaintiff has not stated a claim for relief under the pleading standards.

## II.   PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED AGAINST THIS DEFENDANT

### A. Plaintiff has failed to allege sufficient facts to establish he suffered a constitutional violation.

This 42 U.S.C. Sec. 1983 action is brought against Defendant Gonzaga for events that allegedly have occurred while Plaintiff has been incarcerated in LCF. Sec. 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Douglas v. Miller,* 864 F.Supp.2d 1205, 1217 (W.D. Okla. 2012) citing *Howards v. McLaughlin,* 634 F.3d 1131, 1139 (10th Cir. 2011). In his Amended Complaint, Plaintiff alleges that Dr. Gonzaga violated his rights under the Eighth Amendment to the Constitution of the United States by delaying surgery to remove his gallbladder.

Plaintiff's case may not proceed unless he first alleges facts sufficient to state a claim for relief. Plaintiff's claim must be judged against the "deliberate indifference to serious medical needs" test of *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 995

(1992). *Martin v. Board of Cnty. Comm'rs,* 909 F.2d 402, 406 (10th Cir. 1990). "Deliberate indifference" has both an objective element and a subjective element. *Tennant v. Miller,* 589 F.App'x 884, 885-86 (10th Cir. 2014) citing *Farmer v. Brennan,* 511 U.S. 825, 828 (1994). Accordingly, Plaintiff must allege that he had objectively serious medical needs, that Dr. Gonzaga actually knew of the serious medical need, and that Dr. Gonzaga deliberately chose to ignore the known risk of serious harm. *Farmer v. Brennan*, 511 U.S. at 847; *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000); *Meloy v. Bachmeier*, 302 F.3d 845, 848-49 (8th Cir. 2002); *Chavez v. Cady*, 207 F.3d 901, 904 (7th Cir. 2000). "[E]very claim by a prisoner that he has not received adequate medical treatment" does not state "a violation of the Eighth Amendment." *Estelle,* 429 U.S. at 105.

"[I]n the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.'" *Estelle v. Gamble,* 429 U.S. 97 105-06 (1992). As such, a complaint alleging negligence in diagnosing or treating a medical condition does not become a valid constitutional claim under the Eighth Amendment simply because the plaintiff is a prisoner. "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." *Id.*

Negligence alone does not state a claim under Sec. 1983 for deliberate indifference to medical needs. *Green v. Branson,* 108 F.3d 1296, 1303 (10th Cir. 1997).

### 1. Plaintiff Fails to Allege Dr. Gonzaga Acted with Constitutional Magnitude.

Plaintiff alleges that Dr. Gonzaga, the physician/medical provider at LCF, denied/delayed him adequate medical care regarding having an elective gallbladder removal surgery. (Doc. 7; Doc. 39-7). In support of this claim, Plaintiff alleges that Dr. Gonzaga delayed scheduling his surgery and ignored Plaintiff's condition and weight loss. (Doc. 7, par. 12, 67). Plaintiff claims the actions of Dr. Gonzaga in denying/delaying his surgery "manifested when he initially sent Plaintiff to the hospital due to an emergency medical need." (Doc. 7, par. 67). Plaintiff further claims that Dr. Gonzaga did nothing regarding his alleged weight loss, stomach issues, and complications with bowel movements. (Doc. 7, par. 25). He claims to have made both verbal and written complaints to Dr. Gonzaga. (Doc. 7, par. 26). Plaintiff does not, however, plead that any alleged denial/delay in medical care caused him to suffer any permanent injury.

Indeed, Plaintiff's Amended Complaint is rife with examples and proof that Dr. Gonzaga did not, in fact, deny him medical care, as he essentially informs the Court that Defendants provided him with ongoing medical treatment (including a visit to the hospital on recommendation by Dr. Gonzaga and two ultrasounds), and that Defendants were responding to his medical complaints. (Doc. 7, par. 12, 16, 18, 27, 29, 30, 31). Plaintiff tells the Court that Dr. Gonzaga repeatedly told him his

request for surgery had been sent out for referral. (Doc. 7, par. 12, 27). It is undisputed that Dr. Gonzaga's referral had been approved but the surgeon was waiting for a radiologist to read the ultrasound and then the facility was waiting on the surgery date. (Doc. 7, par. 12). Additionally, Plaintiff alleges that Dr. Gonzaga provided him with IV fluids after he was seen in the medical unit due to malnutrition and that he had been prescribed anti-depressants. (Doc. 7, par. 29, 37). Plaintiff states he received a pre-operative consultation in February 2016 and the requested surgery occurred in March 2016. (Doc. 7, par. 12, 38).

Taking Plaintiff's allegations as true, as the Court is required to do, it is uncontroverted that Dr. Gonzaga regularly responded to Plaintiff's complaints, evaluated Plaintiff's medical condition, provided Plaintiff care and treatment, including fluids, medications, and referrals to outside providers, and kept him advised regarding the status of scheduling his surgery. Plaintiff's own allegations indicate that Dr. Gonzaga did not ignore his complaints and nor was Dr. Gonzaga deliberately indifferent to Plaintiff's medical needs. Rather, the Amended Complaint demonstrates that Dr. Gonzaga provided Plaintiff with timely and sufficient medical care pursuant to the practice of medicine and under the Eighth Amendment of the United States Constitution.

Plaintiff's apparent dissatisfaction with the treatment received as alleged in his Amended Complaint does not rise to the level of a constitutional violation. The Amended Complaint does not allege acts or omissions on the part of Dr. Gonzaga

that state a claim for relief under 42 U.S.C. Sec. 1983. To state such a claim, Plaintiff must allege "misconduct that is 'so egregious as to subject the aggrieved individual to a deprivation of constitutional dimensions.'" *Martin v. Creek County Jail,* No. 10-CV-0699-CVE-PJC, 2010 WL 4683852 *3 (N.D. Okla. 2010) (not reported). "When misconduct falls short of this standard, an individual must seek relief in state court under traditional tort-principles." *Id.* "To the extent that [Davison's] allegations can be read as merely challenging the type and quality of the medical treatment he received, such claims do not assert violations of federal constitutional rights." *Vigil v. Walters,* 2012 WL 2403408, *2, 485 Fed.Appx. 961 (10th Cir. 2012) citing *Estelle v. Gamble,* 429 U.S. 97, 106 (1976) ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim . . . under the Eighth Amendment.").

The acts of Dr. Gonzaga as alleged by Plaintiff do not rise to the level of unnecessary and wanton inflictions of pain repugnant to the conscience of mankind. Instead, Plaintiff is merely complaining of medical negligence, which does not state a claim under the Eighth Amendment. Accordingly, Plaintiff has failed to state a claim under 42 U.S.C. Sec. 1983 and, pursuant to Fed. R. Civ. P. 12(b)(6), such claim must be dismissed.

## 2.  Plaintiff's Alleged Harm is Not Objectively Serious

Plaintiff's claim of deliberate indifference further fails the test espoused in *Estelle* and *Farmer.* With regard to the objective prong, Plaintiff has failed to

8

properly allege with any factual support that his medical condition was sufficiently and objectively serious. Plaintiff's complaints related to his stomach pain and bowel issues do not rise to the level of so "objectively serious" that further medical attention is warranted. Courts have defined a "serious medical need" as "**one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention**." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 897 (6th Cir. 2004) (emphasis added, internal quotation omitted);  same rule quoted in *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005); *Garrett v. Stratman*, 254 F.3d 946, 949 (10th Cir. 2001); *Sealock*, 218 F.3d at 1209; and *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999). **The symptoms displayed to a prison official**, and not the ultimate diagnosis or consequence, are the relevant factor in evaluating whether the official acted with deliberate indifference. *Mata v. Saiz*, 427 F.3d 749, 753 (10th Cir. 2005). Mere complaints of stomach pain and bowel issues do not rise to this level. *See Jones v. Muskegon County,* 625 F.3d 935, 945 (6th Cir. 2010) (Prison doctor's misdiagnosis of constipation that was actually fatal colorectal cancer based on inmate's complaints of weight loss, stomach pain, and lack of bowel movement did not constitute deliberate indifference.).

As stated above, Plaintiff is merely complaining of a delay in transferring him to an outside surgeon for gallbladder removal. (See Doc. 7). A delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate

9

indifference which results in substantial harm. *Olson v. Stotts,* 9 F.3d 1475, 1477 (10th Cir. 1993) citing *Mendoza v. Lynaugh,* 989 F.2d 191, 195 (5th Cir. 1993). "Substantial harm is a 'lifelong handicap, permanent loss, or considerable pain.'" *Marks v. Kansas,* 75 F.App'x 712, 715 (10th Cir. 2003) quoting *Garrett v. Stratman,* 254 F.3d 946, 949-50 (10th Cir. 2001). Moreover, "[t]hat 'substantial harm' can be the ultimate physical injury caused by the prisoner's illness, so long as the prisoner can show that the more timely receipt of medical treatment would have minimized or prevented the harm." *Moore ex rel. Moore v. City of Shawnee,* No. CIV-07-1293-L, 2009 WL 426003 *6 (W.D. Okla. Feb. 19, 2009) quoting *Kikumura v. Osagie,* 461 F.3d 1269, 1292 (10th Cir. 2006).

Plaintiff has made no showing that he suffered substantial harm or permanent harm due to the alleged delay in being transferred to the outside surgeon as a result of Dr. Gonzaga's actions or omissions. Plaintiff has not alleged that more timely medical treatment would have prevented or minimized the alleged harm. Thus, Plaintiff fails to allege facts sufficient to state a claim for deliberate indifference under the Eighth Amendment. Accordingly, pursuant to Fed. R. Civ. P. 12(b)(6), his claims against Dr. Gonzaga must be dismissed.

### 3. Plaintiff has not alleged Dr. Gonzaga was subjectively aware of a serious medical condition and deliberately ignored him.

With regard to the subjective prong of the deliberate indifference test, Plaintiff has failed to plead facts to support that Dr. Gonzaga was actually aware of any sufficiently serious medical condition and that he deliberately chose to ignore

Plaintiff's complaints. The prison official's state of mind must evince "deliberateness tantamount to intent to punish." *Horn v. Madison County Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994).  Courts have imposed liability upon correctional officers and jailers only where they are 'so deliberately indifferent to the serious medical needs of prisoners as to unnecessarily and wantonly inflict pain.'" *Perez v. Oakland County*, 466 F.3d 416, 423 (6th Cir. 2006) (quoting *Horn*, 22 F.3d at 660). A showing of deliberate indifference requires the pretrial detainee to submit evidence that jail officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Gobert v. Caldwell*, 463 F.3d 339, 347 (5th Cir. 2006). Plaintiff does not allege that Dr. Gonzaga refused to treat him or ignored his complaints; in fact, Plaintiff states that Dr. Gonzaga referred him to the hospital; that Dr. Gonzaga provided him with IV fluids; and that Dr. Gonzaga kept him updated regarding the referral for surgery.

Based on Plaintiff's own allegations, Dr. Gonzaga's alleged improper actions do not constitute unnecessary and wanton inflictions of pain repugnant to the conscience of mankind. Additionally, neither the objective nor the subjective prongs of the deliberate indifference test is met; therefore, Plaintiff's deliberate indifference claim under 42 U.S.C. Sec. 1983 against Dr. Mars Gonzaga must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

**B. Plaintiff has failed to state a claim for conspiracy under 42 U.S.C. § 1985.**

In his Amended Complaint, Plaintiff alleges the defendants conspired against him to violate his constitutional rights. (Doc. 7, par. 65). To state a claim for conspiracy under 42 U.S.C. § 1985(3), a plaintiff must allege:

> (1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom.

*E.K.J. v. Roberts,* No. CIV-14-906—M, 2015 WL 672555 *5 (W.D. Okla. Feb. 17, 2015) citing *Tilton v. Richardson,* 6 F.3d 683, 686 (10th Cir. 1993). "Further, in the absence of allegations of class based or racial discriminatory animus, the complaint fails to state a claim under Sec. 1985." *E.K.J.,* 2015 WL 672555 at *5 quoting *Campbell v. Amax Coal Co.,* 610 F.2d 701, 702 (10th Cir. 1979).

Plaintiff's Amended Complaint alleges that Defendants "conspired to violate Plaintiff's constitutional rights and did [so]." (Doc. 7, par. 65). While these allegations conclude that there was an improper agreement among Defendants, Plaintiff has alleged no specific facts to actually show such agreement, as required to establish that a conspiracy existed. Further, as discussed above, the alleged actions taken by Dr. Gonzaga do not adequately state a claim for actual deprivation of rights. *See Dixon v. City of Lawton,* 898 F.2d 1443, 1449 (10th Cir. 1990) ("[T]o recover under a § 1983 conspiracy theory, a plaintiff must plead and prove not only a conspiracy, but also an actual deprivation of rights[.]").

The Amended Complaint does not state a claim for relief under Section 1985.

12

Specifically, the Amended Complaint does not contain any statement or allegation of class based or racial discrimination. Accordingly, the Section 1985 conspiracy claim against Dr. Gonzaga should be dismissed in its entirety for failure to state a claim upon which relief may be granted. *See Kirby v. Dall. Cnty. Adult Probation Dept.,* 359 Fed.Appx. 27, 33-34 (10th Cir. 2009) (affirming dismissal of conspiracy claim under Rule 12(b)(6), explaining that "the liberal pleading standard under the federal rules 'does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions'" (*quoting Iqbal,* 556 U.S. at 678-79)).

## III.  PLAINTIFF HAS FAILED TO ALLEGE SUFFICIENT FACTS THAT DEFENDANT ACTED UNDER THE COLOR OF LAW.

Section 1983 "provides a federal cause of action against any person who, *acting under color of state law,* deprives another of his federal rights." *Douglas v. Miller,* 864 F.Supp.2d 1205, 1217 (W.D. Okla. 2012) citing *Howards v. McLaughlin,* 64 F.3d 1131, 1139 (10th Cir. 2011) (emphasis added). "Because § 1983 is designated to protect individuals from violations of their rights by state actors, the only proper defendants in a § 1983 claim are those who represent the state in some capacity." *Id. citing Sigmon v. Community Care HMO, Inc.,* 234 F.3d 1121, 1125 (10th Cir. 2000).

"A private person may be liable under § 1983 if he exerts influence over a state entity, substitutes his judgment for the state entity, or participates in the decision leading to the deprivation of rights." *Id. citing Beedle v. Wilson,* 422 F.3d 1059, 1071 (10th Cir. 2005). "To state a plausible claim for relief against an entity on this basis, a plaintiff must allege facts sufficient to show the relationship on

13

which the claim of state action is premised." *Id. citing Robbins,* 519 F.3d at 1247. "Because § 1983 applies only to state actors, factual contentions supporting state action are necessarily essential to stating a plausible claim for relief, and 'mere conclusory allegations with no supporting factual averments are insufficient.'" *Id. quoting Ellibee v. Fox,* 244 Fed.Appx. 839, 843 (10th Cir. 2007) (unpublished opinion) (citations omitted)). "A complaint which fails to allege facts to show a private person or entity exerted influence over a state actor, substituted its judgment for that of a state actor, or participated in the conduct underlying the claim is insufficient to state a § 1983 claim for relief against the private entity." *Id. citing Beedle,* 422 F.3d at 1071. Defendant is a private individual. Thus, in order to state a plausible claim under § 1983, Plaintiff must allege facts sufficient to show that Defendant Gonzaga acted under the color of state law.

Plaintiff alleges that Defendant Gonzaga is a Physician/Provider at Lawton Correctional Facility and is responsible for medical care generally and for arranging referrals for inmates outside of the prison. (Doc. 7, par. 4, 58). Plaintiff further alleges that "[a]t all times throughout the course of the actions resulting in this complaint, each named defendant was acting under color of state law" by "providing medical care for inmates at LCF." (Doc. 7, par. 9).

Even though Plaintiff claims Defendant Gonzaga was acting under color of state law, he provided no factual support for this statement. Accordingly, he has failed to plead factual contentions to show that Defendant was acting under color of

14

state law. A plaintiff's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall,* 935 F.2d at 1110. Plaintiff's Complaint contains no factual allegations sufficient to demonstrate that Defendant Dr. Gonzaga, a private person, exerted influence over a state actor, substituted his judgment for that of a state actor, or participated in the decisions leading to alleged deprivation of rights. Thus, Plaintiff has failed to state a claim under Section 1983 against Defendant Gonzaga. Pursuant to Fed. R. Civ. P. 12(b)(6), such claims against Defendant should be dismissed.

### IV.   IF HE IS A STATE ACTOR, DEFENDANT GONZAGA IS ENTITLED TO QUALIFIED IMMUNITY

If it is determined that Plaintiff has alleged sufficient facts to show Defendant Gonzaga was acting under color of law, then Defendant Gonzaga is entitled to qualified immunity. In civil rights actions seeking damages from governmental officials, "courts recognize the affirmative defense of qualified immunity, which protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Gross v. Pirtle,* 245 F.3d 1151, 1155 (10th Cir. 2001) quoting *Malley v. Briggs,* 475 U.S. 335, 341 (1986). Qualified immunity protects public officials from individual liability in Section 1983 claims and is "an entitlement to not stand trial or face the other burdens of litigation." *Saucier v. Katz,* 533 U.S. 194, 200 (2001) *quoting Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985).  Qualified immunity is more than a defense to liability:  it is immunity from suit that is effectively lost if a case is

15

erroneously permitted to go to trial. *Schwartz v. Booker,* 702 F.3d 573, 579 (10th Cir. 2012).

An official sued under § 1983 is entitled to qualified immunity unless it is shown that the official violated a statutory or constitutional right that was "clearly established." *Plumhoff v. Rickard,* 134 S. Ct. 2012, 2023 (2014). A Defendant cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable officer in the defendant's shoes would have understood that he was violating it. *Id.* "In other words, 'existing precedent must have placed the statutory or constitutional question beyond debate" and "[the Supreme Court] has repeatedly told courts…not to define clearly established law at a high level of generality since doing so avoid the crucial question whether the official acted reasonably in the particular circumstances that he or she faced." *Id.* "Officials are not liable for bad guesses in gray areas; they are liable for transgressing bright lines." *Crow v. Montgomery*, 403 F.3d 598, 602 (8th Cir.2005).

Moreover, it has long been the law that once a defendant asserts a qualified immunity defense in a dispositive motion, the responsibility shifts to the plaintiff to "meet a 'heavy two-part burden.'" *Case v. West Las Vegas Indep. Sch. Dist.,* 473 F.3d 1323 (10th Cir. 2007). "[T]o avoid judgment for the defendant based on qualified immunity, the plaintiff must show that the defendant's actions violated a specific statutory or constitutional right, and that the constitutional or statutory rights the defendant allegedly violated were clearly established at the time of the conduct at

issue." *Toevs v. Reid*, 646 F. 3d 752, 755 (10th Cir. 2011) (emphasis added). District Courts "may address these questions in whatever order is appropriate under the circumstances." *Id.* (citing *Pearson v. Callahan*, 555 U.S. 223 (2009)). Police officers are protected in "close cases" by the doctrine of qualified immunity, as such immunity serves to protect law enforcement officers from the chilling threat of liability. *Swain v. Spinney*, 117 F.3d 1, 10 (1st Cir.1997). The conduct of the officer "must" be that of an official who is "plainly incompetent." *Stanton v. Sims,* 134 S.Ct. 3 at *5 (2013). Generally, there must be a Supreme Court or Tenth Circuit decision on point, or a clearly established weight of authority from other courts for the law to be clearly established. *Medina v. City and County of Denver,* 960 F.2d 1493, 1498 (10th Cir. 1992).

In the present case, Plaintiff fails to meet either prong of the qualified immunity analysis. As noted throughout this Motion, Plaintiff fails to state any valid constitutional claim based on acts or omissions by Defendant Gonzaga. Additionally, neither the Tenth Circuit nor the Supreme Court has ever found a prison doctor liable for Eighth Amendment claims based on the fact that an outside provider did not schedule an elective surgery in a timely enough (in the patient/inmate's opinion) manner. Defendant Gonzaga is, therefore, entitled to qualified immunity.

WHEREFORE, in consideration of the foregoing, the Defendant Dr. Mars Gonzaga, respectfully prays for an order dismissing all of the claims asserted by the Plaintiff. Defendant Dr. Mars Gonzaga further prays for his costs and attorneys fees

incurred in the defense of this matter.

Respectfully Submitted,

s/Jessica L. Dark
Russell L. Hendrickson, OBA No. 10847
Jessica L. Dark, OBA No. 31236
Pierce Couch Hendrickson
  Baysinger & Green, L.L.P.
1109 N. Francis
Oklahoma City, Oklahoma  73106
Telephone:   (405) 235-1611
Facsimile:    (405) 235-2904
rhendrickson@piercecouch.com
jdark@piercecouch.com
***Attorneys for Defendant Gonzaga***

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of September, 2016, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing:

Chase H. Woodley   chase.woodley@oag.ok.gov
Don G. Pope  dpope@pope-law.com
Alexandra Ah Loy aahloy@johnsonhanan.com
Austin J. Young  ayoung@johnsonhanan.com

and that a true and correct copy of the above and foregoing was mailed via first class mail to the following:

Alonzo G. Davison
D.O.C. NO. 198828
8607 SE Flowermound Rd.
Lawton, OK 73501

s/Jessica L. Dark
Jessica L. Dark