# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ALONZO G. DAVISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-16-0374-HE |
| | ) | |
| HECTOR RIOS, JR., Warden, | ) | |
| Lawton Correction Facility (LCF), et al., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Alonzo G. Davison filed this action against Shirley Stouffer, the Health Services Administrator at Lawton Correctional Facility ("LCF"), a privately owned and operated prison under contract with the Oklahoma Department of Corrections ("ODOC"), Dr. Mars Gonzaga, a physician/medical provider at LCF, Correct Care Solutions ("CCS"), the third-party medical care provider for LCF and other persons/entities associated with LCF or ODOC. Plaintiff claims defendants conspired to violate his constitutional rights and also alleges they were deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights. Although he is dissatisfied with the food service at LCF,[1] plaintiff's principal complaints are that he had to wait approximately seven months for gallbladder surgery and was denied a liquid diet. Consistent with 28 U.S.C. §636(b)(1)(B), (C), the matter was referred for initial proceedings to Magistrate Judge Suzanne Mitchell, who has issued three Reports and Recommendations regarding motions to dismiss that

---

[1] As the magistrate judge notes, plaintiff's complaints about the food service do not relate to defendants CCS, Stouffer or Gonzaga.

were filed by the defendants. After the magistrate judge issued her Reports and Recommendations, plaintiff dismissed without prejudice his claims against defendants Stouffer and Gonzaga.[2] *See* Doc. #83.[3]

This order addresses the Report and Recommendation that pertains to plaintiff's claims against CCS. The magistrate judge recommends: (1) that CCS's motion to dismiss be denied on the jurisdictional question of whether it acted under color of state law; (2) that CCS be dismissed in its municipal capacity without prejudice on the ground plaintiff has failed to state a valid claim for relief for any constitutional violation; and (3) that plaintiff's claims against CCS involving understaffing the medical unit at LCF and his § 1983 conspiracy claims be dismissed without prejudice on screening.

In his objection plaintiff challenges the magistrate judge's determination that he has failed to state deliberate indifference claims against CCS based on an April 2015, gallbladder attack, his request for a liquid diet and the delay in his surgery. He asks that his § 1985(3) conspiracy claims be dismissed without prejudice,[4] but does not refer to his § 1983 conspiracy claims or address the magistrate judge's recommended disposition of his understaffing claim. Plaintiff has waived his right to challenge the recommended dismissal of his understaffing claim by failing to address it.[5] Casanova v. Ulibarri, 595 F.3d 1120, 1123 (10th Cir. 2010); *see* 28 U.S.C. §636(b)(1)(C). It will be dismissed

---

[2] *For convenience, the court will continue to refer to them as defendants.*
[3] *Page references are to the CM/ECF document and page number.*
[4] *The magistrate judge concluded that plaintiff's §1985(3) conspiracy claims failed for lack of allegations of racial or class animus. The court agrees.*
[5] *The court agrees with the magistrate judge that plaintiff failed to allege any facts linking the asserted understaffing policy to any harm plaintiff claims he sustained.*

without prejudice. His § 1983 conspiracy claim will be dismissed *sua sponte*.[6] Plaintiff's single conclusory allegation that "[e]ach named defendant conspired to violate Plaintiff's constitutional rights," Doc. #7, p. 9, ¶65, is insufficient to state a claim for conspiracy under § 1983.

The magistrate judge treated CCS as a "municipality" and concluded that, because plaintiff failed to allege a violation of his constitutional rights by either defendant Stouffer or defendant Gonzaga, he could not impose liability on CCS. *See* Dubbs v. Head Start, Inc., 336 F.3d 1194, 1216 (10th Cir. 2003) ("Although the Supreme Court's interpretation of § 1983 in *Monell* applied to municipal governments and not to private entities acting under color of state law, case law from this and other circuits has extended the *Monell* doctrine to private § 1983 defendants."); DeVargas v. Mason & Hanger–Silas Mason Co., Inc., 844 F.2d 714, 723 (10th Cir.1988) ("Although Monell addressed only the liability of municipalities, the rationale of its holding [that §1983 liability not be imposed vicariously] applies equally to corporate defendants."). Contrary to what plaintiff appears to believe, it is not enough merely to allege that CCS has an unconstitutional policy, practice or custom. Plaintiff must also allege that the policy or custom "was the 'direct cause' or 'moving force' behind . . . constitutional violations" that were committed. Dubbs, 336 F.3d at 1215.

The court agrees with the magistrate judge's determination that plaintiff's allegations based on his April 12, 2015, gallbladder attack are too vague to state a claim

---

[6] *The magistrate judge noted that defendants did not address plaintiff's § 1983 conspiracy claim.*

for relief against defendants Stouffer, Gonzaga and CCS. In determining the sufficiency of plaintiff's allegations, the court cannot consider assertions included in plaintiff's objection, but only what he has pleaded in his complaint. *See* Sherman v. Klenke, 653 Fed. Appx. 580, 593 (10th Cir. 2016) ("[T]he sufficiency of a complaint must rest on its contents alone.") (quoting Gee v. Pacheco, 627 F.3d 1178, 1186 (10th Cir. 2010)). The claim is deficient and will be dismissed without prejudice.

As for plaintiff's claim based on the alleged denial of his request for a liquid diet, the magistrate judge concluded plaintiff's allegations were insufficient on the basis that he "point[ed] to no medical opinion requiring him to participate in a liquid diet." Doc. #78, p. 13. It appears from statements plaintiff makes in his objection that, rather than claiming defendants Gonzaga and Stouffer refused to place him on a liquid diet, what he contends is that he was not provided with the liquid diet that had been ordered. That, however, is not what he pleaded in the amended complaint. The claim as pleaded is deficient and will be dismissed without prejudice.

As for plaintiff's claim based on the seven month delay in his surgery, the magistrate judge determined that plaintiff's allegations satisfied the objective component of his deliberate indifference claim, but not the subjective element. *See* Johnson v. Mullin, 422 F.3d 1184, 1186 (10th Cir. 2005) ("'[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious ... [Second,] a prison official must have a sufficiently culpable state of mind.'") (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)). Although a close question the court concludes plaintiff's allegations also suffice for purposes of Rule

12(b)(6) to satisfy the subjective component of the two-pronged standard as to Stouffer or other CCS officials with responsibility for scheduling the surgery. Plaintiff alleges that defendants Stouffer and CCS were responsible for arranging for LCF inmates' out-of-prison care when they had serious medical needs, that he had experienced two debilitating gallbladder attacks, suffered continuing extreme pain, was advised by a physician that he would continue to have attacks until he had surgery and had lost over 30 pounds in a brief period of time. He pleaded that defendant Stouffer was aware of his medical diagnosis and weight loss and that his "pain and suffering was obvious by doctor's notes, request for health services forms, request to staffs, and grievances submitted to [her]," Doc. #7, p. 6, ¶66, yet he was not operated on for seven months after surgery was recommended. He also alleges that CCS had a policy or custom of denying or delaying access to medical care to inmates because of financial concerns. *See* Sherman, 653 Fed. Appx. at 593. While the latter conclusory allegation is insufficient to state a basis for concluding a policy existed, the complaint states other facts which would arguably support a permissible inference to that effect.

Accordingly, with the exception noted, the court adopts Magistrate Judge Mitchell's Report and Recommendation. Defendant CCS's motion to dismiss [42] is granted with respect to plaintiff's § 1983 and § 1985(3) conspiracy claims and his understaffing claim, which are dismissed without prejudice. CCS's motion also is granted with respect to plaintiff's §1983 claims based on his April 2015, gallbladder attack and his request for a liquid diet. Those claims are dismissed without prejudice. CCS's motion is denied with

respect to plaintiff's §1983 claim based on the alleged surgical delay. As noted by the magistrate judge, the Report and Recommendation did not terminate the referral.

**IT IS SO ORDERED**

Dated this 5th day of May, 2017.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE