## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALONZO G. DAVISON, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) NO. CIV-16-0374-HE |
| | ) |
| HECTOR RIOS, JR., Warden, | ) |
| Lawton Correction Facility (LCF), et al., | ) |
| | ) |
| Defendant. | ) |

## ORDER

Plaintiff Alonzo G. Davison filed this action against Hector Rios, Jr., Warden, Lawton Correctional Facility ("LCF"), a privately owned and operated prison under contract with the Oklahoma Department of Corrections ("ODOC"), GEO, Inc., the alleged parent company of LCF, Buddy Honaker, Medical Services Administrator for the Oklahoma Department of Corrections ("ODOC"), Robert Patton, the Former Director of ODOC and other persons/entities associated with LCF or ODOC. Plaintiff claims defendants conspired to violate his constitutional rights and also alleges they were deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights. Although he is dissatisfied with the food service at LCF,[1] his principal complaints are that he had to wait approximately seven months for gallbladder surgery and was denied a liquid diet. Consistent with 28 U.S.C. §636(b)(1)(B), (C), the matter was referred for initial proceedings to Magistrate Judge Suzanne Mitchell, who has issued three Reports

---

[1] As the magistrate judge notes, plaintiff's complaints about the food service do not relate to defendant Patton.

and Recommendations regarding motions to dismiss that were filed by the defendants. After the magistrate judge issued her Reports and Recommendations, plaintiff dismissed without prejudice his claims against defendant Honaker. *See* Doc. #83.[2]

This order addresses the Reports and Recommendations that pertain to plaintiff's claims against defendants Rios, GEO and Patton. The magistrate judge recommends the court (1) dismiss plaintiff's claims against defendant Rios in his individual capacity without prejudice due to lack of personal participation in the claimed constitutional violations; (2) dismiss plaintiff's claims against defendant GEO without prejudice on the ground plaintiff has failed to state a valid claim for relief for any constitutional violation by a GEO employee; (2) dismiss on screening plaintiff's purported claims against defendant Rios in his official capacity with prejudice, his Eighth Amendment claim involving insufficient medical transportation at LCF without prejudice and his conspiracy claims under 42 U.S.C. §§1983, 1985 without prejudice. She also recommends that the court (1) dismiss plaintiff's purported official capacity claims against defendant Patton for monetary relief under the Eleventh Amendment without prejudice; (2) dismiss plaintiff's §1983 Eighth Amendment claim against defendant Patton without prejudice based on his lack of personal participation in the claimed constitutional violations; and (3) dismiss plaintiff's conspiracy claims under 42 U.S.C. §§1983, 1985 without prejudice.

In his objection plaintiff agrees with the magistrate judge that his official capacity claims against defendant Rios should be dismissed and he requests that his §1985

---

[2] *Page references are to the CM/ECF document and page number.*

conspiracy claims be dismissed without prejudice. He does not address the magistrate judge's recommended disposition of his transportation claim or his § 1983 conspiracy claims and thereby waived his right to challenge their recommended dismissals. Casanova v. Ulibarri, 595 F.3d 1120, 1123 (10th Cir. 2010); *see* 28 U.S.C. §636(b)(1)(C). Plaintiff disagrees with the magistrate judge's determinations that he failed to state a claim under §1983 against either defendant Rios or GEO for a violation of his Eighth Amendment rights. Plaintiff concedes that his official capacity claims seeking monetary relief against defendant Patton should be dismissed and he requests that his §1985 conspiracy claims be dismissed without prejudice. He does not address the magistrate judge's recommended disposition of his § 1983 conspiracy claims and thereby waived his right to challenge their recommended dismissals. Casanova, 595 F.3d at 1123; *see* 28 U.S.C. §636(b)(1)(C). Plaintiff argues that the magistrate judge erroneously rejected his Eighth Amendment claims for deliberate indifference to his serious medical needs.

As Judge Mitchell correctly noted, the concept of "official capacity" versus "individual capacity" claims really has no application here, where a private party is the defendant and where, in any event, that defendant is sued directly. Any reference to "official capacity" claims in the following discussion is subject to that threshold principle.

Defendant Rios

A defendant/supervisor may be held liable under § 1983 if the plaintiff establishes: "(1) personal involvement; (2) causation, and (3) state of mind." Schneider v. City of Grand Junction Police Dep't, 717 F.3d 760, 767 (10th Cir. 2013). The magistrate judge rejected plaintiff's Eighth Amendment claims asserted against defendant Rios on the

3

ground that his allegations relating to the alleged denial/delay in medical care and LCF food/kitchen conditions failed to demonstrate that defendant Rios personally participated in violating plaintiff's constitutional rights. The court agrees with her analysis.

Most of the allegations plaintiff includes in the complaint that pertain to defendant Rios are too conclusory to support a § 1983 claim. The few facts he did plead, which relate to the warden's handling of his grievance, are insufficient to demonstrate the required personal involvement. The Tenth Circuit has concluded that "a denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." Gallagher v. Shelton, 587 F.3d 1063, 1069 (10th Cir. 2009). It also has stated that "a supervisor's mere knowledge of his subordinate's discriminatory purpose and acquiescence [is] insufficient to establish a constitutional violation." Phillips v. Tiona, 508 Fed. Appx. 737, 744 (10th Cir. 2013).

As the magistrate judge noted, "Plaintiff does not allege Warden Rios personally decided to delay Plaintiff's surgery or deny him access to medical care." Doc. #79, pp. 7-8.[3] She also pointed out that plaintiff does not allege that he "even made Warden Rios aware of the alleged LCF food/kitchen issues." Id. at p. 8 n. 2. Plaintiff's Eighth Amendment claims asserted against defendant Rios will be dismissed without prejudice.

Defendant GEO

The magistrate judge properly treated GEO as a "municipality." See Dubbs v. Head Start, Inc., 336 F.3d 1194, 1216 (10th Cir. 2003) ("Although the Supreme Court's

---

[3] Page references are to the CM/ECF document and page number.

interpretation of § 1983 in Monell applied to municipal governments and not to private entities acting under color of state law, caselaw from this and other circuits has extended the *Monell* doctrine to private § 1983 defendants."); DeVargas v. Mason & Hanger–Silas Mason Co., Inc.*,* 844 F.2d 714, 723 (10th Cir.1988) ("Although Monell addressed only the liability of municipalities, the rationale of its holding [that §1983 liability not be imposed vicariously] applies equally to corporate defendants."). "[T]o survive a motion to dismiss, [plaintiff] [is] required to sufficiently allege [GEO] violated the Eighth Amendment under principles of municipal liability." Sherman v. Klenke, 653 Fed. Appx. 580, 592 (10th Cir. 2016). Plaintiff must "'show (1) the existence of a municipal custom or policy and (2) a direct causal link between the custom or policy and the violation alleged.'" *Id*. (quoting Jenkins v. Wood, 81 F.3d 988, 993 (10th Cir.1996)). Because she decided plaintiff failed to state a valid claim against defendant Rios or defendant Stouffer,[4] another GEO employee, based on the alleged denial/delay of medical care, the magistrate judge determined plaintiff could not state a claim against GEO.

In another order, this court determined plaintiff pleaded facts which would support an inference that Stouffer or some other official of defendant had the necessary subjective intention as to the alleged surgical delay. The court concludes plaintiff has also sufficiently pleaded that GEO had a policy or custom of denying or delaying access to medical care to inmates with serious medical needs because of financial concerns. *See* Sherman, 653 Fed.

---

[4] *The magistrate judge addressed defendant Stouffer's claims in a separate Report and Recommendation [Doc. #78]. Although plaintiff dismissed his claims against defendant Stouffer, for convenience the court will continue to refer to her as a defendant.*

Appx. at 593. An inference could be drawn from these facts that Stouffer or others on GEO's behalf deliberately and unjustifiably delayed providing plaintiff with necessary medical care and that their inaction was based on financial, rather than medical, considerations. That is enough to state a deliberate indifference claim under the Eighth Amendment against GEO.

Defendant Patton

The magistrate judge concluded that plaintiff's sparse allegations against defendant Patton failed to demonstrate the personal involvement required for a supervisor to be held liable under § 1983. *See* Schneider, 717 F.3d at 767. The court agrees. Contrary to his assertions in his objection, plaintiff did not plead a basis for concluding that defendant Patton had established a policy or custom that violated his constitutional rights. The only allegation he makes in the amended complaint that pertains to defendant Patton is that, "while Director of ODOC, [defendant Patton], established policy, practices and/or customs in regards to medical care generally, and was responsible for everyday operations of state prisons (in Oklahoma) and the welfare of its prisoners." Doc. #7, p. 9, ¶62. That general statement is insufficient to state a claim against defendant Patton for deliberate indifference.

Accordingly, with the exception noted, the court adopts Magistrate Judge Mitchell's Report and Recommendation pertaining to defendants Rios and Geo [79]. The motion to dismiss of defendants Rios and GEO [Doc. #40] is granted in part and denied in part. Plaintiff's § 1983 and § 1985(3) conspiracy claims and his § 1983 insufficient medical transportation claims asserted against defendants Rios and GEO are dismissed without

6

prejudice. His so-called official capacity claims against defendant Rios are dismissed with prejudice. Plaintiff's §1983 Eighth Amendment claims asserted against defendant Rios in his individual capacity are dismissed without prejudice. Finally, plaintiff's Eighth Amendment claims against GEO, other than his claim based on the alleged surgical delay, are dismissed without prejudice.[5]

The court also adopts Magistrate Judge Mitchell's Report and Recommendation pertaining to defendant Patton [Doc. #80]. The motion to dismiss of defendant Patton [Doc. #41] is granted. Plaintiff's § 1983 and § 1985(3) conspiracy claims and his purported official capacity claims for monetary relief against defendant Patton under the Eleventh Amendment are dismissed without prejudice. Plaintiff's §1983 Eighth Amendment claims asserted against defendant Patton in his individual capacity also are dismissed without prejudice.

As noted by the magistrate judge, the Report and Recommendation did not terminate the referral.

**IT IS SO ORDERED**.

Dated this 5th day of May, 2017.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE

---

[5] *Plaintiff asserted various other grounds in support of his Eighth Amendment claims. These were discussed by the court and rejected in its order addressing plaintiff's claims against defendant CCS.*

7