# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ALONZO G. DAVISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-16-0374-HE |
| | ) | |
| HECTOR RIOS, JR., Warden, | ) | |
| Lawson Correctional Facility (LCF), *et al.*, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Alonzo G. Davison filed this § 1983 action against Lawton Correctional Facility ("LCF"), a privately owned and operated prison under contract with the Oklahoma Department of Corrections ("ODOC"), Correct Care Solutions ("CCS"), the third-party medical care provider for LCF and other persons/entities associated with ODOC or LCF. Plaintiff claimed defendants conspired to violate his constitutional rights and also alleges they were deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights. Defendants filed motions to dismiss, which were granted in substantial part. *See* Doc. Nos. 87; 88. GEO, Inc., the corporate owner of LCF, and CCS are the only remaining defendants. Plaintiff's remaining claim is based on defendants' alleged delay of his gallbladder surgery while he was housed at LCF. Consistent with 28 U.S.C. § 636(b)(1)(B), (C), the matter has been referred to Magistrate Judge Suzanne Mitchell for initial proceedings.

Plaintiff, who currently is housed at the Oklahoma Department of Corrections' North Fork Correctional Center ("NFCC"), filed a motion seeking declaratory and

injunctive relief against NFCC, NFCC Warden Jimmy Martin, NFCC Chief of Security Steve Young, all "NFCC prison officials/employees, ODOC employees, employees of GEO and CCS who work at any prison in Oklahoma, including NFCC, and all those under control of Warden Jimmy Martin and Steve Young." Doc. #122, at pp. 1, 3. Plaintiff requests that his attorney have access to his current and future clients at NFCC and other ODOC facilities. In her Report and Recommendation ("Report"), the magistrate judge concluded plaintiff's request for injunctive relief should be denied for various reasons including mootness, lack of notice, and the lack of allegations that nonparties acted in concert with the remaining parties in this action, GEO and CCS. She also determined plaintiff's motion should be denied because the requested injunctive relief has no relationship to plaintiff's underlying claims.

Plaintiff responded to the Report stating, he "does not object to the factual or legal findings of the Magistrate Judge's R & R." Doc. #133, p. 3. Accordingly, the court adopts the Report and Recommendation of Magistrate Judge Mitchell and denies plaintiff's motion for declaratory and injunctive relief [Doc. #122]. As the magistrate judge noted, the Report did not terminate the referral.

**IT IS SO ORDERED**.

Dated this 20th day of November, 2017.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE